## JOE PICKERING V. UNITED STATES.

No. 815, Ind. T.   Opinion Filed April 6, 1909.

. (101 Pac. 123.)

1.   LARCENY—Instructions—Weight of Evidence.  It is prejudicial error in a larceny case for the court to instruct the jury that "the law presumes, where a party who is in possession of stolen property soon after the property is stolen, that he is the person who took the property.  That is the presumption of the law, and in the absence of· any proof whatever the jury would be justified in finding the defendant guilty of stealing it, if stolen property should be found in his possession soon after it is stolen."

2.   RECEIVING STOLEN GOODS—Instructions.  It is prejudicial error, in a case charging the defendant with receiving stolen property. for the court to instruct the jury that: "If, however, you do not find from the testimony in this case, beyond a reasonable doubt, or the evidence rather, that he stole these mules, or either of them, but that he did receive these mules soon after they were stolen with the knowledge that the property was stolen, or under such facts or circumstances as would cause a reasonably prudent man to believe they were stolen—that is, under such facts as would put a reasonably prudent man upon inquiry before he took the property—then, in that state of the case, if 'the evidence justifies it beyond a reasonable doubt, you should find him guilty of having received stolen property."

3.   SAME—Elements· of Offense—Intent.  To constitute the crime of receiving stolen property knowing the same to have been stolen, the act of receiving or concealing the same must be accompanied by a criminal intent of the accused to aid the thief, or hope to obtain some gain or reward for restoring the stolen property to the owner, or in some way to derive a benefit or profit therefrom. The evidence must show beyond a·reasonable doubt the fraudulent intent of the accused concomitant with receiving the stolen property, and the question of intent must be submitted to the jury for determination.

(Syllabus by the Court.)

*Error from the United States Court for the Western District of the Indian Territory; William R. Lawrence, Judge.*

Joe Pickering was convicted under an indictment charging larceny and receiving stolen property, and brought error to the

United States Court of Appeals in the Indian Territory, whence the cause was transferred to the Supreme Court of the state of Oklahoma, and by that court to the Criminal Court of Appeals. Reversed and remanded.

On April 25, 1906, the plaintiff in error, who will be hereinafter referred to as the accused, was indicted in the United States Court for the Western District of the Indian Territory, at Muskogee, on the charge of larceny and receiving stolen property. On the 5th day of October, 1906, the jury returned a verdict of guilty against the accused under the second count of the indictment. On the 9th day of October, 1906, the accused filed his motion for a new trial, and on the 19th of October of the same year the motion for a new trial was heard and overruled, and judgment entered upon the verdict. The court, after overruling the motion for a new trial, sentenced the accused to serve a period of 18 months in the United States penitentiary at Ft. Leavenworth, Kan., and to pay a fine of $100, together with all the costs. From said judgment the accused appealed to the United States Court of Appeals in the Indian Territory, from which court, upon statehood, this cause was transferred to the Supreme Court of this state and by said Supreme Court transferred to this court upon the creation thereof.

*P. L. Soper, J. H. Huckleberry, Thos. H. Owen,* and *W. J. Crump,* for plaintiff in error.

*William M. Mellette,* U. S. Atty., *Charles West,* Atty Gen., and *W. C. Reeves,* Asst. Atty. Gen. for the United States.

BAKER, JUDGE. (after stating the facts as above). The petition in error contains 11 assignments. The eighth assignment complained of the following instructions given by the court below to the jury:

"If, however, you do not find from the testimony in this case, beyond a reasonable doubt, or the evidence rather, that he stole these mules, or either of them, but that he did receive these mules soon after they were stolen with the knowledge that the property was stolen, or under such facts or circumstances as would cause a reasonably prudent man to believe they were stolen—that is, un-

der such facts as would put a reasonably prudent man upon inquiry before he took the property—then, in that state of the case, if the evidence justifies it beyond a reasonable doubt, you should find him guilty of having received stolen property."

The tenth assignment complained of the following instruction given to the jury:

"Now, if you believe from the testimony that he was found with this property the next morning after the taking of it—the property was taken, say, in the night, and he was found with it the next morning, or soon thereafter—and the law does not define any particular time, but 'soon thereafter' means soon thereafter from all the circumstances of the case, and there has not been a reasonable explanation by him of having that property in his possession, if it was in his possession, that is for you to say whether it was found in his possession or not, and, if he has not made a reasonable and fair explanation of that, the jury is to assume that he stole the property, or received the property, though he might not have stolen it."

The Attorney General filed in this case the following confession of error:

"The appellee in the above-entitled cause, by W. C. Reeves, Assistant Attorney General, of the state of Oklahoma, hereby confesses error in said cause, same being based on the giving of the instruction shown at page 143 of the printed record and set out in the eighth assignment of error of appellant; also the giving of the instruction shown on page 143 and set out in the tenth assignment of error by appellant."

It is the opinion of this court that the Attorney General was fully justified in filing said confession of error, for the reason that the court did err in giving each of said charges. These questions have been disposed of by this court. In the case of *Slater v. United States*, 1 Okla. Cr. 275, 98 Pac. 110, this court holds:

"It is error to instruct the jury that the possession of property recently stolen raises a presumption against the party having such possession, which requires an explanation from him; this being a charge upon the weight of the evidence."

And in *Dan Askew v. United States, ante,* p. 155, 101 Pac. 121, this court holds:

"The inculpatory inference to be drawn from the possession of property recently stolen is not a presumption of law, but is a deduction of fact to be drawn by the jury alone, unforestalled by any instructions from the court upon the weight of the evidence. It is error in a larceny case for the court to instruct the jury as follows: 'The unexplained possession, if there should be such unexplained possession, of recently stolen property, is *prima facie,* but not conclusive, evidence of his guilt.'"

The same doctrine has also been held in the following cases: *Haley v. State,* 49 Ark. 148, 4 S. W. 746; *Shinn v. Tucker;* 37 Ark. 581; *Fitzpatrick v. State,* 37 Ark. 239; *Keith v. State,* 49 Ark. 439, 5 S. W. 880; *Smith v. State,* 58 Ind. 343; *Underwood v. State,* 72 Ala. 220; *Lehman v. State,* 18 Tex. App. 174, 51 Am. Rep. 298.

Adhering to, and approving, our decisions in the case of *Slater v. United States,* and *Askew v. United States,* and in conformity with the many other well-considered cases above cited, we find that the court committed prejudicial error in the instructions complained of in the eighth and tenth assignments of error herein. This case is therefore reversed and remanded for a new trial.

FURMAN, PRESIDING JUDGE, and DOYLE, JUDGE, concur.