## ROSE SMITH v. STATE.

No. A-1625.  Opinion Filed July 19, 1913.

(133 Pac. 1136.)

ADULTERY—Instructions—Weight of Evidence. The jury must be left free to determine for themselves whether the evidence is sufficient to satisfy the law, and an instruction which advises them on that subject invades the province of the jury to determine the weight and sufficiency of the evidence. (See opinion for a statement in the charge of the court held to be a comment on the weight of circumstantial evidence and erroneous.)

*Appeal from District Court, Greer County;*
*G. A. Brown, Judge.*

Rose Smith was convicted of adultery, and appeals. Reversed and remanded.

*John S. Maxwell,* for plaintiff in error.

*Smith C. Matson,* Asst. Atty. Gen., for the State.

DOYLE, J. This appeal is prosecuted from a conviction had in the district court of Greer county on the 23d day of January, 1912, in which plaintiff in error was found guilty of adultery, and her punishment assessed in accordance with the verdict of the jury at imprisonment in the penitentiary for a period of one year.

The record shows that when the judgment was pronounced she waived her right of appeal. The record further shows, by her verified application filed January 29th, that the waiver of her right of appeal was made by her under a misunderstanding of her rights, and for the further reason that she had no means

with which to employ counsel and pay the expenses of an appeal in said cause. That thereupon the court denied her application to furnish record of the proceedings in said cause at the expense of Greer county, but allowed said cause to be reopened for the defendant to perfect her appeal, and fixed the amount of her appeal bond in the sum of $500, to be given within ten days. Notice of appeal and acceptance of service thereof by the county attorney was filed with the clerk of the district court on January 29th. On January 31st there was filed a written waiver of appeal with the clerk of the district court which recites:

"I, Rose Smith, do hereby waive and abandon my said appeal or notice of appeal as aforesaid and ask that the clerk of the district court of this county immediately issue a commitment to the sheriff of this county so that I may at once be transferred to the state prison at McAlester."

This was done in the absence of her counsel, and he on his oath states that he had no knowledge of this waiver until after her commitment in the penitentiary at McAlester. On February 13, 1912, there was filed in this court a petition in error with transcript attached, and, upon the application of plaintiff in error to be admitted to bail pending the determination of her appeal, it was ordered by this court that she be released from the penitentiary upon giving an appeal bond in the sum of $500. The Attorney General has filed a motion to dismiss the appeal on the ground that the record does not show the service of a notice of appeal upon the clerk of the district court. The record shows that such notice was filed with the clerk. That is sufficient. The motion to dismiss the appeal is overruled.

The first and second assignments of error are the usual ones that the court erred in overruling the motion for a new trial, and that the verdict was contrary to the law and the evidence.

The third assignment is that:

"The court erred in ruling out competent and legal evidence offered on the part of the defendant to prove that she was of unsound mind and not legally responsible for her acts."

The fourth is based upon an exception taken to instruction No. 5 of the court's charge to the jury.

The concluding assignment is an averment that:

"Said court erred in allowing the clerk to issue an erroneous commitment herein after said cause had been reopened on motion and affidavit of the defendant, and before the time fixed by the court for giving an appeal bond had expired, and without any further order of the court permitting such commitment to be issued."

The judgment in this case must be reversed for an error apparent on the record and duly excepted to. The charge of the court clearly invaded the province of the jury. It contains a statement which can be considered naught save a direct comment on the weight of the evidence. After a proper instruction upon circumstantial evidence in a case where the state relied solely upon such evidence, the learned judge added:

"That the defendant, Rose Smith, on or about the 1st day of September, 1911, or at any time within three years prior to October 3, 1911, the date of filing the information, in Greer county, in the state of Oklahoma, did have voluntary sexual intercourse with one Mat Moore, a male person, and that the said Mat Moore was then and there married to another woman, to wit, Sallie Moore, and was not the husband of the defendant, Rose Smith, and you further believe and find from the evidence that this prosecution against the defendant was commenced by said Sallie Moore by complaint made by her (the said Sallie Moore) and that said Sallie Moore at the time of making said complaint was the wife of Mat Moore, as alleged in the information herein, and that this prosecution against the defendant is being carried on by said Sallie Moore, *then the requirements of the law as to the sufficiency of circumstantial evidence will be sustained,* and in that event you should find the defendant guilty of adultery as charged in the information, and so say by your verdict."

The weight of circumstantial evidence is not for the consideration of the court in its charge to the jury, but for the exclusive consideration of the jury in rendering their verdict, and the statement, "then the requirements of the law as to the sufficiency of circumstantial evidence will be satisfied," is erroneous as invading the province of the jury, who are the exclusive judges of the weight and sufficiency of the evidence. It is our opinion that the exception to this instruction, as a comment upon the weight and sufficiency of the evidence, was well taken, and that the defendant was thereby prejudiced.

The other errors assigned present questions of some gravity and importance, but as this appeal is taken on a transcript of the record, without a transcript of the evidence, those questions cannot be considered, except to say that it is evident that the defendant's waiver of her right of appeal made out of court, and in the absence of her counsel, was not sufficient to justify the officers in issuing a commitment and causing the defendant to be incarcerated in the penitentiary before the expiration of the time fixed by the order of the court for giving an appeal bond.  Counsel had been appointed by the court to represent the defendant upon her trial, and after her conviction other counsel had been employed by the father of the defendant, and they should have been notified.  And in view of the facts shown upon an application for writ of *habeas corpus* in this court for the release of the defendant from the penitentiary, wherein it was averred that prior to this prosecution the defendant had been a resident of Caddo county, residing with her parents, and had been adjudged a feeble-minded woman and a proper person to be admitted to the Oklahoma institution for the feeble-minded at Enid, but had not been transported thereto because the superintendent of said institution had notified the clerk of the county court of Caddo county that at that time there was no room for any more inmates, the inference is irresistible that such waiver was secured by undue influence as averred in the affidavit of her counsel attached to the record.  Owing to the fact that an appeal was pending, and pending the hearing plaintiff in error was released upon her appeal bond, the application for writ of *habeas corpus* was abandoned.

Where a woman, feeble in intellect, is charged with crime, she should not be permitted to waive any right secured to her by law, except upon the advice of or in the presence of her counsel. We are constrained to say that the vindication of public justice does not require that a feeble-minded woman, more sinned against than sinning, shall be imprisoned in the penitentiary on a charge of adultery, where it is shown that, before the time of the commission of the offense charged, she had been found to be a feeble-minded woman and a proper person to be committed to the institution for the feeble-minded.

The judgment of the district court of Greer county is reversed, and the cause remanded thereto to be disposed of as required by law.

ARMSTRONG, P. J., and FURMAN, J., concur.