## EMMA WEAVER v. STATE.

No. A-4455. Opinion Filed May 11, 1925.
(235 Pac. 635.)

(Syllabus.)

1. **Receiving Stolen Goods—Proof of Guilty Knowledge by Accused —Circumstantial Evidence.** In order to establish the crime of receiving stolen property, it is essential that the state, either by direct or circumstantial evidence, prove guilty knowledge on the part of defendant at the time he received such property. Actual knowledge that the property was stolen is not essential, but inferential knowledge, derived from the facts and circumstances, will take the place of actual knowledge if sufficient to convince the jury beyond a reasonable doubt that the defendant at the time the property was received knew it was stolen.

2. **Same—Belief at Time of Receiving Goods That They Were Stolen Sufficient Knowledge.** In a prosecution for receiving stolen property, knowing same to be stolen, it is not necessary

that defendant have actual knowledge that the property was stolen, but it is sufficient if the receiver at the time believed it to be stolen property; belief in such case being the equivalent of inferential knowledge.

3.    Trial—Province of Jury Invaded by Instruction Advising Jury as to Whether Evidence Sufficient to Satisfy Law. The jury must be left free to determine for themselves whether the evidence is sufficient to satisfy the law, and an instruction which advises them on that subject invades the province of the jury to determine the weight and the sufficiency of the evidence.

4.    Evidence—Rejecting Evidence Offered to Rebut State's Evidence Held Error. When the state has offered evidence on a material issue, and a defendant offers competent evidence in rebuttal, it is prejudicial error for the court to exclude such offered testimony.

5.    Receiving Stolen Goods—Instruction as to Necessary Knowledge of Accused Held Erroneous. For instruction held to be erroneous see opinion.

Appeal from District Court, Tulsa County; Redmond S. Cole, Judge.

Emma Weaver was convicted of receiving stolen property, and appeals. Reversed and remanded.

J. M. Springer, for plaintiff in error.

George F. Short, Atty. Gen., and Chas. Hill Johns, Asst. Atty Gen., for the State.

EDWARDS, J. For brevity the plaintiff in error will be referred to as defendant.

The defendant was convicted in the district court of Tulsa county upon an information charging her with the crime of receiving stolen property, and was by the verdict of the jury convicted and sentenced to a term of 5 years in the state penitentiary, and from such verdict and sentence appeals to this court. Defendant assigns various errors, several of which will be considered. The testimony discloses that the defendant was found in possession of a stolen automobile, and the fact of the theft was clearly

proven. The defense was that the accused bought the automobile, giving in exchange another car and $500.

The contention is made that during the trial the court permitted the county attorney in his opening statement to the jury to state incompetent and immaterial matters prejudicial to the defendant, and in his cross-examination of the defendant, to inquire about other offenses, and concerning the defendant having been arrested at other times. We have examined the record on this point, and find that too much latitude was allowed the county attorney by the trial court, and that his action probably resulted in prejudice to the defendant.

The contention is also made that the court excluded competent and material testimony offered by the defendant. This contention is sustained by the record. On the part of the state, evidence was offered tending to show that the numbers of the automobile in question had been changed or tampered with. In her defense, defendant called as a witness one Hancock, who testified that he was an automobile mechanic, operating a garage in the city of Tulsa, of 15 years' experience in such business, and wide experience in examining numbers on cars, made necessary in his business in ordering parts, and in that manner he had examined thousands of numbers on cars. He knew where numbers were located on Buick cars, and was able to tell if they had been changed; that he had examined the particular car in question and the numbers on it. Then he was asked: "Q. You can state whether or not in your opinion the number on the engine has ever been changed." To which the state objected, for the reason that it was an attempt to bolster up the testimony that had already been proven as evidence in the case, and for the further reason that the court had permitted the jury to examine the automobile in controversy, and ascertain for themselves the condition of the numbers and the condition of the car with reference to identification. Which objection was sus-

tained. An offer of proof was then made by the defendant to show by this witness that the number on said car had not been changed, which offer was excluded.

The state had been permitted to offer testimony that the number had been changed, and we cannot conceive why the defendant was not permitted to controvert this testimony. The sustaining of the objection to the offer of proof was prejudicial error.

The further contention is made that No. 10 of the court's instructions was erroneous and prejudicial. The statute under which the defendant was prosecuted is section 2113, Comp. St. 1921, in part as follows:

"Any person who buys or receives, in any manner, upon any consideration, any personal property of any value whatsoever, that has been stolen from any other, knowing the same to have been stolen, is punishable," etc.

The elements making up this offense are: First, the receiving of any personal property of some value upon any consideration; second, that said property had been stolen; third, knowledge on the part of the one receiving that it had been stolen. These elements must be proven in order to warrant a conviction in any case, and where the sufficiency of the evidence to establish any one of these essentials is lacking, a conviction cannot be sustained. Proof of these different elements may be made as in any other criminal case. They may be made by direct and positive evidence, or they may be proven by circumstances. As any essential fact in a criminal case, they must be proven, of course, beyond a reasonable doubt. Guilty knowledge on the part of one accused of receiving stolen property is generally not capable of being proven by direct and positive evidence, but must depend on circumstances. What circumstances will be sufficient cannot be stated by any fixed rule, but there should be such circumstances as point conclusively to the guilt of an accused.

In instructing upon the elements constituting the offense and the quantum of proof sufficient to establish them, it is erroneous for the trial court to inform the jury that anything less than proof of guilty knowledge will be sufficient. The instruction complained of is as follows:

"As to the defendant's knowing that the property was stolen, it is not necessary that somebody should have told her that it was stolen, but it is necessary that she must have actually known it was stolen or that she knew such fact as would lead her to believe that it was stolen. In ascertaining whether or not she had such knowledge, you will take into consideration all the facts and circumstances which have been introduced in evidence, and you will consider the time and the manner of receiving the property, the person or persons from whom she received it, her conduct with it afterwards, and all other facts and circumstances, and if after such consideration you find beyond a reasonable doubt that she knew the property in question was stolen at the time she received the same, or that she knew such facts as made her believe that in all probability it was stolen, and she received it under those circumstances, that is sufficient as to her knowledge of it being stolen.

"If you find these facts beyond a reasonable doubt, and also find the other facts necessary to constitute the crime charged, then it will be your duty to convict the defendant."

The words "or that she knew such facts as would lead her to believe it was stolen" in the first paragraph, and the words "in all probability, * * * that is sufficient as to her knowledge of it being stolen," just preceding the last paragraph, are erroneous. Pickering v. U. S., 2 Okla. Cr. 197, 101 P. 123; State v. Roundtree, 80 S. C. 387, 61 S. E. 1072, 22 L. R. A. (N. S.) 833. See, also, Davis v. State, 18 Okla. Cr. 112, 193 P. 745; McGill v. State, 6 Okla. Cr. 512, 120 P. 297; Price v. State, 9 Okla. Cr. 359, 131 P. 1102.

Under the foregoing instruction the jury is permitted to return a verdict against the accused on less proof than is warranted by the law. Analyzing the foregoing instruc-

tion, the jury are told, in substance, that if the defendant knew such facts as would lead her to believe that it was stolen, or if she knew such facts as made her believe that in all probability it was stolen, that is sufficient as to her knowledge of its being stolen. This is not the quantum of proof the law requires to establish guilty knowledge. It is essential that guilty knowledge be proven, either by direct evidence or by proof of facts and circumstances connected with the transaction. It is also laid down as a general proposition of law that belief by the receiver that the property is stolen is equivalent to knowledge and proof of such belief is proof of knowledge.

Clark & Marshall in the Law of Crimes (2d Ed.) § 383, says:

"At common law, and by the express terms of the various statutes, it is necessary that the receiver shall know that the property has been stolen; and he must know this at the time he receives it. * * * If a person receives property, believing it to have been stolen, he is guilty, though he does not know the facts and circumstances of the taking. And if it appears from the evidence that the accused received the property under such circumstances that any reasonable man of ordinary observation would have known that it was stolen, the jury are authorized to find that he knew it was stolen. The question, however, is one of fact, and the jury are not bound to infer knowledge from such circumstances."

The latter part of this section is but another way of saying that guilty knowledge may be proven by circumstances. Wharton's Criminal Law (10th Ed.) vol. 1, §§ 983, 984, states the law thus:

"Guilty knowledge, involving guilty intent, on the part of the defendant, is essential to the constitution of the offense. * * * Whether the defendant knew that the goods were stolen is to be determined by all the facts of the case. The proof in any case is to be inferential. * * *"

Bishop's New Criminal Law, vol. 2, § 1138, is as follows:

"As foundation for the criminal intent, without which there can be no crime, and by the statutory terms, the receiver must know the goods to have been stolen. And this knowledge must exist at the very instant of the receiving. It need not be such direct knowledge as comes from witnessing the theft; but in the words of Bramwell, B., 'It is sufficient if the circumstances were such, accompanying the transaction, as to make the prisoner believe,' the goods had been stolen."

After all, the substance of the law on this point is that knowledge is essential. Not actual knowledge obtained from the senses, but knowledge derived from the surrounding facts and circumstances. A belief on the part of the receiver that the property was stolen, when the proof shows that it was in fact stolen, is equivalent to the knowledge conveyed by circumstances and the inferences drawn from them. And when the jury, from proper circumstances, finds that an accused believed that the property received was stolen, that is a finding of guilty knowledge and is sufficient.

There is a further vice in the instruction above set out, in that the jury are told, not that belief that the property was stolen would be sufficient proof of knowledge, but that the existence of facts which would "lead her to believe," or knowledge of facts as made her believe "in all probability," would suffice. This is less than the law requires, and is erroneous. It is also objectionable as a comment on the weight of the evidence. The weight of circumstances is not a matter for the consideration of the court in its charge to the jury, and the statement in the instruction, that the enumerated circumstances are sufficient as to her knowledge of it being stolen, is an invasion of the right of the jury. The jury must be left free to determine for themselves whether the facts and circumstances

in evidence are sufficient to satisfy the law.   Smith v. State, 10 Okla. Cr. 45, 133 P. 1136.

This court in the case of Webb v. State, 19 Okla. Cr. 450, 200 P. 719, upheld an instruction substantially in the form of the one complained of here.   That case presented an unusually aggravated state of facts clearly establishing the guilt of the accused, but on further consideration and analysis of the instruction, that part of that opinion sustaining the instruction is overruled.   For the reasons assigned, the case is reversed and remanded.

BESSEY, P. J., and DOYLE, J., concur.