## CLIFFORD WILSON v. STATE.

No. A-8504.   July 21, 1933.
(24 Pac. [2d] 296.

Jno. L. Ward, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, J.   The plaintiff in error, hereinafter for convenience referred to as the defendant, was convicted of receiving stolen property with the felonious intent to deprive the owner thereof, and was sentenced by the court to imprisonment in the state reformatory, at Granite, for a term of five years, and appeals.

Thirty errors have been assigned by the defendant as grounds for reversal of this case.   Many of the errors assigned have merit, but the only assignment of error we deem necessary to consider is 14, wherein it is urged by the defendant that the court erred in giving instruction No. 6, over the objection of the defendant, which instruction is as follows:

"As to the defendant knowing that the stocks were stolen, it is not necessary that somebody should have told

him that they were stolen, but it is necessary that he must have actually known that they were stolen or that he knew such fact as made him believe that in all probability they were stolen, and in ascertaining whether or not he had such guilty knowledge you will take into consideration all of the facts and circumstances which may have been introduced in evidence, and you will consider the time of receiving the stock, the defendant's conduct with them afterwards, and his effort to dispose of them, if any, and all other facts and circumstances, and if after such consideration you find beyond a reasonable doubt that he knew that the stocks were stolen at the time he received the same, or that he knew such facts as made him believe that in all probability they were stolen, and he received them under those circumstances, that is sufficient as to his knowledge of them being stolen. And if you find these facts beyond a reasonable doubt, and also find the other facts necessary to constitute the crime charged beyond a reasonable doubt, then it will be your duty to convict the defendant."

The defendant insists that the instruction prejudiced his rights before the jury, and that the following language used in the instruction complained of: "Or that he knew such facts that made him believe in all probability they were stolen," in the first paragraph and the words "in all probability" just preceding the last paragraph, are erroneous.

Under the foregoing statement, the jury was permitted to return a verdict against the accused, on less proof than is warranted by the law.

Analyzing the foregoing instruction, the court told the jury in substance that, if the defendant knew such facts as would lead him to believe the stocks were stolen, or that if he knew such facts as would lead him to believe that in all probability they were stolen, that would be sufficient as to his knowledge of the stocks being stolen.

24

The instruction did not correctly state the quantum of proof the law requires to establish guilty knowledge. Guilty knowledge must be proven, either by direct evidence or by proof of facts and circumstances connected with the transaction. In the instruction above set out, the jury is told, not that belief that the stocks were stolen would be sufficient proof of knowledge, but that the existence of the facts that led him to believe, or knowledge of facts as made him believe in all probability, was sufficient. This is less than the law requires, and is erroneous.

The instruction also amounts to a comment by the court on the weight of the evidence. The weight and circumstances of the evidence are not a matter for the consideration of the court in its charge to the jury, and the statement in the instruction that the circumstances enumerated are sufficient as to his knowledge of the property being stolen is an invasion of the right of the jury. The jury must be left free to determine for itself whether the facts and circumstances in the evidence are sufficient to satisfy the law. McGill v. State, 6 Okla. Cr. 512, 120 Pac. 297; Weaver v. State, 30 Okla. Cr. 309, 235 Pac. 635.

The instruction complained of did not correctly state the law. For the reasons stated herein, the case is reversed.

EDWARDS, P. J., and CHAPPELL, J., concur.