## OSCAR WINGFIELD v. STATE.

No. A-8649.   March 16, 1934.

(30 Pac. [2d] 930.)

Brown Moore and R. J. Shive, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, J.   The plaintiff in error, hereinafter called the defendant, was convicted of the crime of receiving stolen property and his penalty fixed at a fine of $25, and he appeals.   The theory of the state is that the defendant, for a consideration, received from one Gaston Van Ross a trailer which had been stolen from R. G. Pearce; that the defendant bought the trailer knowing at the time he purchased the same it had been stolen.   The

state relied principally upon circumstantial evidence and the statements alleged to have been made by the defendant to the officers while under arrest.

The defendant testified that he did not know the trailer had been stolen; that he purchased the same from Gaston Van Ross, paying him $10 for it, and called several witnesses who were at the home of the defendant at the time the trailer was purchased by the defendant. The testimony of the defendant further shows that he used the trailer around the farm, put additional boards on the box of the trailer, painted and made other repairs; that it was left in the open where it could be seen by any one coming to his place, and he used it in hauling corn, and the day it was discovered in Cushing he had driven it to town with a load of corn.

The defendant has assigned ten errors alleged to have been committed by the trial court, on which he relies for reversal. There is only one error necessary for this court to consider in order to arrive at a proper decision. The tenth assignment of error is as follows:

"The court erred in overruling the motion of the plaintiff in error for a new trial."

This assignment raises all of the questions in the other assignments, and specifically directs the court's attention to what took place in the trial of the case.

The record discloses that there had been a previous trial in this case and the jury failed to agree; that the court delivered an abusive reprimand because they could not agree, discharged them from the trial of the case and from further service as jurors in his court.

In view of what took place in the first trial and the abuse heaped on the jury by the court, the defendant went

to trial knowing how the court felt toward him. We are going to set out a few of the remarks and threats the court made in the presence of the jury during the trial of the case, while the testimony was being taken. The attorney for the defendant, while cross-examining Charles Griffin, propounded the following questions to the witness:

"Q. You got up between his legs and tried to brow beat him into confessing he stole this trailer? By the Court: Wait a minute now, this isn't a trial for assault and battery. By Mr. Moore: No, I haven't accused him of it. By the Court: Well, that is enough of that. By Mr. Moore: Exceptions."

Again, when the attorney for the defendant was cross-examining L. D. Gault, a state witness, he propounded the following questions:

"Q. Who did you tell this? By the Court: Now both of you gentlemen be courteous to each other. By Mr. Moore: Who did you first tell about this? By the Court: Wait a minute. You are going to show some respect to this court, or you are going to pay for it. By Mr. Moore: I have got lots of respect for you and I am trying to try this lawsuit. By the Court: Well, you had better show some of it sometime. You may have a lot, but you don't show it in here. Q. Who is the first party you told about it? A. I don't know. Q. You don't know who the first person was? A. No, I don't. Q. You don't know? A. No. Mr. Brown: That is all. Witness: I thought so. By the Court: I don't know why lawyers can't treat witnesses with courtesy. By Mr. Moore: Why can't witnesses do the same thing? By the Court: They do if they are permitted."

During the examination of the jurors on their voir dire the court asked the jurors collectively if there were any of them there for the purpose of hanging the jury, to which the defendant excepted.

The trial judge, while the defendant was on the stand, over the objection of the defendant, asked the defendant the following questions:

"By the Court: How long did you say you had been acquainted with Gaston Van Ross? A. I think about since 1918, I believe. By the Court: How well were you acquainted with him? A. No more than any day laborer. I worked lots of men, chopping cotton and picking cotton. By the Court: Did you know he had been in trouble with the law quite a bit? A. No, sir. By the Court: Did you know he had been arrested on a narcotic charge with Eli West and a lot of those fellows? A. No, sir. By the Court: In both this court and federal court? A. No, sir.

It is clearly shown by the questions the court propounded to the jurors as they were being examined on their voir dire, and questions propounded by the court to the defendant while on the witness stand, and other remarks of the court, that the court was prejudiced against the defendant and his counsel.

Every person charged with crime, whether guilty or innocent, is entitled to a fair and impartial trial according to the due and orderly course of law, and it is a duty resting upon the courts to see that the guaranty of such a trial, conferred by the laws upon every citizen, shall be upheld and sustained. Sutton v. State, 35 Okla. Cr. 263, 250 Pac. 930; Bramble v. State, 37 Okla. Cr. 35, 255 Pac. 1104; Clark v. State, 12 Okla. Cr. 263, 154 Pac. 1005; Popp v. State, 44 Okla. Cr. 220, 280 Pac. 478.

Attorneys for a defendant are entitled to, and must receive, absolutely fair treatment at the hands of the trial court, and, when this is not accorded them, and the error is of such a character that it may have influenced the jury in finding a verdict, a conviction will be reversed. Mc-

Spadden v. State, 8 Okla. Cr. 489, 129 Pac. 72; Melton v. State, 53 Okla. Cr. 360, 12 Pac. (2d) 251.

It is the duty of the trial judges and prosecuting attorneys to treat the defendant with courtesy and fairness, and allow him a reasonable time to prepare for trial. It is unfortunate that the judge in this case so far forgot himself as to make the remarks he addressed to the attorney for the defendant in the presence of the jury. There is nothing in the record justifying the remarks made by the trial court in this case.

It is further disclosed by the record that there had been a mistrial, and, when the jury reported it could not agree, the court expressed itself in vitriolic and abusive terms to the jury, discharging them from the case, and from further jury service in his court.

The remarks of the court in the trial of this case clearly show that the court was not only unfriendly to the defendant but to the counsel who was defending him. A court may dislike an attorney who is defending in a criminal trial, yet it is not its province to wreak its vengeance upon the attorney in open court, in the presence of the jury sworn to render a fair and impartial trial. The remarks of the trial judge in this case, in the presence of the jury, deprived the defendant of a fair and impartial trial, and the remarks addressed to the defendant's attorney were such as to prejudice the rights of the defendant before the jury, and are reversible error.

It is urged by the defendant that the court erred in his instruction No. 7, which is as follows:

"You are instructed that as to the defendant knowing that the trailer was stolen, it is not necessary that somebody should have told him that it was stolen, but it is necessary that he must have actually known that it was

stolen, or that he knew such facts as made him believe that in all probability it was stolen. And in ascertaining whether or not he had such guilty knowledge, you will take into consideration all of the facts and circumstances which have been introduced in evidence bearing upon that matter, and in that connection you will consider the time and manner of receiving the trailer, his explanation thereof, and the reasonableness or unreasonableness, and the truthfulness or untruthfulness thereof, the person from whom he received it, his conduct with it afterwards, and his disposal of it, the price paid for the same, and all other facts and circumstances; and if after such consideration you find beyond a reasonable doubt that he knew that the truck was stolen at the time he received the same, or that he knew such facts as made him believe that in all probability it was stolen, and he received it under those circumstances, that is sufficient as to his knowledge of its being stolen. And if you find these facts beyond a reasonable doubt, and also find the other facts necessary to constitute the crime charged, then it will be your duty to convict the defendant."

Under the foregoing instruction, the jury is permitted to return a verdict against the accused that is not warranted by the law. Analyzing the foregoing instruction, the jury is told in substance that, if the defendant knew such facts as would lead him to believe the trailer was stolen, or if he knew such facts that made him believe that in all probability it was stolen, that is sufficient as to his knowledge of its being stolen. This is not the quantum of proof the law requires to establish guilty knowledge. It is essential that guilty knowledge be proven by either direct evidence or by proof of facts and circumstances connected with the transaction. This instruction did not correctly state the law applicable to the facts in this case. Weaver v. State, 30 Okla. Cr. 309, 235 Pac. 635, and cases therein cited.

It is contended by the defendant that there is no competent evidence to sustain the judgment. With this contention we agree. There is no positive or circumstantial evidence sufficient to show that at the time the defendant bought the trailer he had any knowledge it was stolen.

For the reasons herein stated, this case is reversed and remanded, with directions that, if the state has no further testimony than that presented to the jury in the trial of this case, the same be dismissed.

CHAPPELL, J., concurs. EDWARDS, P. J., not participating.