ROBERTA VAN WYCK v. STATE.

No. A-8697. Oct. 19, 1934.
(37 Pac. [2d] 321.)

242

 

Bruce B. Potter, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen. (J. H. Lawson, of counsel), for the State.

CHAPPELL, J. Plaintiff in error, hereinafter referred to as defendant, was convicted in the district court of Kay county of the offense of receiving stolen property, and her punishment fixed by the jury at imprisonment in the county jail for a period of three months and a fine of $150.

It is first contended the court erred in overruling defendant's motion to suppress the evidence.

It appears from the record that Mrs. Elzata Anderson was the owner of, and occupied a home at, 719 East Lincoln street, in the city of Blackwell; that the house consisted of two rooms, one being a combined kitchen and living room and the other a bedroom; that defendant was a boarder at this home and slept in a bed with the owner, Mrs. Anderson; and the officers arrested Mrs. Anderson and defendant on the street in Blackwell and took them to the police station; that there the officers asked Mrs. Anderson for permission to search her home, which she readily granted, and accompanied the officers while they made the search; that a large amount of ready-to-wear and other articles alleged to have been stolen were found in the bedroom.

Under the facts as disclosed by the record, the motion to suppress the evidence was properly overruled.

It is next contended the court erred in overruling defendant's motion to instruct the jury to acquit her because the evidence was insufficient.

Clerks and managers of the Jett Mercantile Company, C. R. Anthony & Co., J. C. Penny & Co., and L. C. Burr & Co. identified something like a dozen articles as having previously been in their stores. None of these witnesses could testify positively that the articles had been stolen, and none of them would say that the articles might not have been sold. The most they would say was that their records did not disclose they had ever been sold and that they believed they had not been.

To sustain a conviction in this case, the state must prove beyond a reasonable doubt: (I) That the property alleged in the information was in fact stolen; (2) that the same was received by defendant from some one other than the owner; (3) that the receiving of the property was within Kay county; (4) that defendant knew, or had reason to believe and did believe, that the property was stolen.

In attempting to make its case, the state offered very weak and unsatisfactory evidence that the property had been stolen. It offered no evidence that defendant received this property from another than the owner, nor did it offer any proof that defendant knew, or had any reason to believe, that the property was stolen.

All the articles mentioned in the amended information as having been stolen are such as pass freely from hand to hand and person to person.

To sustain a conviction of receiving property recently stolen, knowing it to have been stolen, it must be shown by direct or circumstantial evidence, beyond a reasonable doubt, that at the time defendant received such property

she knew it had been stolen. When the evidence fails to show every essential element of the crime charged, the court, on proper motion, should direct a verdict for the defendant. Mullins v. State, 15 Okla. Cr. 347, 176 Pac. 765; Weaver v. State, 30 Okla. Cr. 309, 235 Pac. 635.

In Pickering v. U. S., 2 Okla. Cr. 197, 101 Pac. 123, it was said:

"To constitute the crime of receiving stolen property knowing the same to have been stolen, the act of receiving or concealing the same must be accompanied by a criminal intent of the accused to aid the thief, or hope to obtain some gain or reward for restoring the stolen property to the owner, or in some way to derive a benefit or profit therefrom. The evidence must show beyond a reasonable doubt the fraudulent intent of the accused concomitant with receiving the stolen property."

There is no evidence in the record to show that the defendant knew anything about where the goods came from or had anything to do with the taking of the same, except the circumstance that some of the articles were found in a trunk and suitcase belonging to defendant, and others under the bed and about the room in boxes and sacks.

Mrs. Anderson, testifying for the state, said defendant had been at her place about six weeks, which would make her coming prior to the time the articles complained of were missing; that the goods the officers took in the raid were in her bedroom and in the trunk and suitcase of defendant; that there was a box and a package or two defendant had gotten from the cleaners or was going to take to the cleaners; that she did not see the goods before or after they were taken to the police station, and could not identify any of the articles as ever having been in her home.

The state having failed to prove the material allegations of the information, the case is reversed and remanded, with directions to dismiss the same, unless the state has other evidence.

EDWARDS, P. J., and DAVENPORT, J., concur.