## ED LEWIS v. STATE.

No. A-10446. Sept. 19, 1945.
(162 P. 2d 201.)

Wall & Green, of Sallisaw, for plaintiff in error.

Randell S. Cobb, Atty. Gen., Jess L. Pullen, Asst. Atty. Gen., and W. S. Agent, Co. Atty., of Sallisaw, for defendant in error.

BAREFOOT, P. J. Defendant, Ed Lewis, was charged in the district court of Sequoyah county with the crime of receiving stolen propery, to-wit, two 6:00 x 16 Brunswick tires, and one 6:00 x 16 inner tube. He was tried, convicted and sentenced to serve a term of one year in the State Penitentiary, and has appealed.

It is only necessary to consider two of the assignments of error presented by defendant:

"1. That the verdict of the jury, and the judgment and sentence are contrary to the law and the evidence."

"4. That the court erred in admitting in evidence to the jury State's Exhibit 2, same being a statement made by the defendant to the county attorney in writing concerning certain tires bought by one Lackey from one Carl Payne."

Defendant was charged with having received from his cousin Carl Payne, the two tires and inner tube above described, on June 23, 1942.

Evidence was introduced by the state showing that the tires and tube were stolen from the automobile of W. P. Tucker, in Sequoyah county, in the latter part of June, 1942; that they were found on defendant's car where it was parked near his place of business, on the 3rd or 4th day of July, 1942; and that the serial num-

bers had been removed from the tires. The tires were introduced in evidence, and identified by Mr. Tucker by reason of certain scratches and cuts thereon.

There was no objection to the introduction of the tires and tube in evidence, and no denial that they were stolen. Defendant denied that the tires introduced were the same tires found on his automobile, and raised some question as to the numbers on one of them. These were immaterial matters. There can be no question as to the identity of the tires, and that they were stolen from Mr. Tucker.

Defendant's contention was that he had purchased the tires and tube from his cousin, Carl Payne. At the time of his arrest defendant made a statement in writing to the officers, and this sworn statement was introduced in evidence by the state, counsel for defendant making no objection to its introduction, but stating: "We don't intend to deny this statement." It was as follows:

"Ed Lewis, of lawful age, being first duly sworn, deposes and states:

"That my name is Ed Lewis; that I am 33 years of age, and that I live in Webber Falls, Oklahoma; that I know Carl Payne and that we are first cousins by blood.

"That about the last week in June of this year, in Vian, Oklahoma, Carl Payne came to me and told me that he had two tires 6:00 x 16 to sell, that they were up near his father's house, I told him I might buy them later, but that I was in a hurry to go to Webber Falls, so I did not see the tires at that time. Two or three days later Carl came to my cafe in Webber Falls and wanted to sell me two tires, I told him I might if he didn't want too much for them, so he wanted me to take him to Vian and we would look at them as we went by. We went up on the mountain, this side of his dad's house about a half mile and he got the tires, from the left of the road going

north about 30 steps from the road. I went out where they were and looked at them and I bought the tires from him at that time. I gave him $20 in money and gave him credit for $10 on what he owed me at that time. We put the tires in the back of my car, I took him on to Vian, let him out and went back to Webber Falls. There were inner tubes in the tires and I got the tubes. The next day I put the tires on my car. The serial numbers had been cut off the tires when I bought them, I did not notice this until later, but I know that I did not cut them off. These were the same tires that were taken from me by Rex Hawks, John Marrs and Henry Jones on July 6, 1942.

"I have read the foregoing affidavit and swear that the statements therein contained are true."

The statute with reference to receiving stolen property is 21 O. S. 1941 § 1713, and is as follows:

"Every person who buys or receives, in any manner, upon any consideration, any personal property of any value whatsoever, that has been stolen from any other, knowing the same to have been stolen, is punishable by imprisonment in the penitentiary not exceeding five years, or in the county jail not exceeding six months, or by a fine not exceeding two hundred and fifty dollars, or by both such fine and imprisonment."

We have had occasion to construe this statute upon many occasions. A few of the cases in which the facts are somewhat similar to the facts in the instant case are: Goodwin v. State, 68 Okla. Cr. 381, 99 P. 2d 181; Camp v. State, 66 Okla. Cr. 20, 89 P. 2d 378; Lizar v. State, 74 Okla. Cr. 368, 126 P. 2d 552; Mason v. State, 60 Okla. Cr. 427, 65 P. 2d 203; Cox v. State, 74 Okla. Cr. 186, 124 P. 2d 432.

The rule with reference to the possession of recently stolen property as announced in the early decisions of this court is stated in the case of Camp v. State, supra, [66 Okla. Cr. 20, 89 P. 2d 380], where it is said:

"Under the well defined principles of law, as outlined by the many decisions of this court, it is necessary in a case of this character, not only for the state to show that the goods have been stolen, but it is necessary to show that the party receiving the property had knowledge at the time the property was received that it had been stolen. By this expression it is not meant that it is necessary for the person receiving the same to have actually seen the theft of the property. It is sufficient if the facts are such as to cause an actual belief that the property was stolen. Price v. State, 9 Okla. Cr. 359, 131 P. 1102; 2 Bishop's New Criminal Law, section 1138. Some cases have held that a conviction should be sustained if the facts were such 'that in all probability' would make the accused believe that the property had been stolen. This doctrine is not upheld in this state. Wingfield v. State, 55 Okla. Cr. 374, 30 P. 2d 930; Weaver v. State, 30 Okla. Cr. 309, 235 P. 635; Wilson v. State, 55 Okla. Cr. 22, 24 P. 2d 296.

"Other cases have held that where the proof would 'put a man of ordinary intelligence and caution on inquiry', that this was sufficient. This doctrine is not upheld by the decisions of this court. Pickering v. United States, 2 Okla. Cr. 197, 101 P. 123; State v. Denny, 17 N.D. 519, 117 N.W. 869.

"The knowledge necessary may be proved by direct or circumstantial evidence, or by both. Within well defined principles of law each case must rest upon the facts of that individual case. By reason of the nature of the crime it is generally necessary for the state to rely upon circumstantial evidence in cases of this character."

The officers mentioned in the affidavit signed by the accused testified to finding the tires on defendant's automobile, and of turning them back to W. P. Tucker, from whom they had been stolen and after they were identified by Mr. Tucker.

Defendant testified in his own behalf, as above mentioned. His defense was that he did not know the tires

were stolen when he purchased them, and that he did not know of the bad reputation of Carl Payne. On cross-examination he testified that he had pleaded guilty to stealing chickens in 1929 and served a sentence of two years in the penitentiary; and that in 1932 he had pleaded guilty to a charge of first degree robbery, and received a sentence of ten years, and at the same time entered a plea of guilty to burglary and received a sentence of three years.

Defendant also admitted on cross-examination that during the latter part of June or the 1st of July he took his cousin Carl Payne, from whom he purchased the tires in question, to Gore, Okla., using defendant's car, and that they went about an hour after dark. At Gore they contacted one Odie Lackey, who was running a service station, and Carl Payne told Lackey he had two tires "right outside of Gore," and wanted to sell them for $50. That Lackey got in the car, and

"We drove out of Gore. Carl told me where to stop the car, and he got out of the car, went about 20 steps to the left of the highway, got the tires, brought them back and showed them to Odie Lackey."

Lackey purchased the tires for $40, and they went back to Lackey's station and he gave Carl Payne a check for the tires, and Payne told defendant that when he got the check cashed he would pay him, but defendant told him he did not owe him anything, and testified that he did not receive any of the money.

From the above statement, it will be noted that the determination of the guilt of the defendant was a question of fact for the jury, and while the evidence was partially circumstantial, the jury had the right to consider all of the statements made by the defendant. The fact

that the tires were purchased from an individual; that they were located out in the country by the side of the road; that the serial numbers had been cut from the tires and no report was made by defendant to the officers after he discovered this; his association with the party from whom he purchased the tires in another transaction very similar, where the tires sold were concealed out in the country near the side of the road and delivered in the nighttime, were all circumstances that the jury had a right to consider. Under these facts, it cannot be held that the evidence was insufficient to sustain the judgment and sentence imposed. The rule is that the Criminal Court of Appeals will not reverse a judgment of conviction upon the ground that the verdict is not supported by the evidence, unless there is no substantial evidence tending to show the guilt of the defendant, or that the evidence fails so far to support the verdict that the necessary inference is that the jury must have acted from partiality, passion or prejudice. We find no evidence that this was true in this case.

The contention that the court erred in permitting the state on cross-examination to introduce in evidence the statement made by the defendant with reference to Carl Payne selling tires to Odie Lackey can not be sustained. This was statement against interest made by the defendant. It was not an attempt to prove another and different crime, but was a statement showing the relation between the defendant and Carl Payne, and his method of dealing in tires, and selling them under suspicious circumstances. It was in close proximity to the time that defendant had bought the tires in question, and tended to shed light upon the dealings between the defendant and Carl Payne.

For the reasons above stated, the judgment and sentence of the district court of Sequoyah county is affirmed.

JONES, J., concurs. DOYLE, J., not participating.