## JOHN WALKER v. STATE.

No. A-10573. June 12, 1946.

(170 P. 2d 261.)

Don Cameron and W. F. (Bill) Smith, both of Oklahoma City, for plaintiff in error.

Randell S. Cobb, Atty. Gen., and J. Walker Field, Asst. Atty. Gen., for defendant in error.

BAREFOOT, J. Defendant, John Walker, was charged in the district court of Oklahoma county with the crime of receiving stolen property; was tried, convicted and sentenced to pay a fine of $100, and to serve 90 days in the county jail. From this judgment and sentence he has appealed.

The only assignment of error urged for a reversal of this case is that the evidence was insufficient to sustain the judgment and sentence, and that the court erred in refusing to sustain a demurrer to the evidence and direct a verdict of not guilty.

There can be and is no controversy as to the law with reference to receiving stolen property in this state.

Many cases have been before this court involving this crime, and the cases cited by both the defendant and the state clearly define the crime. 21 O. S. 1941 § 1713, defines the receiving of stolen property as follows:

"Every person who buys or receives, in any manner, upon any consideration, any personal property of any value whatsoever, that has been stolen from any other, knowing the same to have been stolen, is punishable by imprisonment in the penitentiary not exceeding five years, or in the county jail not exceeding six months, or by a fine not exceeding two hundred fifty dollars, or by both such fine and imprisonment."

The defendant was charged with receiving stolen property, to wit: "One man's double breasted overcoat * * * of the value of thirty-five dollars, from Chester Leon Myers," and which was the property of Mrs. Jack Poe.

Chester Leon Myers testified to having entered the home of Mrs. Poe in Oklahoma City, Okla., on the morning of January 14, 1944, between 10 and 10:30, and having stolen the property above described, and other property. He took this property to his place of abode and kept it until about 6:30 or 7 o'clock in the evening of the same day, when he took the overcoat to the place of business where the defendant was working. The defendant was a bartender working for his wife at No. 30 West Reno street, in Oklahoma City. He sold this overcoat to the defendant for the price of $1. Defendant testified, admitting buying the coat, but said that he paid Myers $3.50 for the same. He denied that he knew it was stolen property.

The undisputed evidence reveals that the coat was stolen and that the witness Chester Leon Myers had been

arrested and convicted of the larceny of many other articles of personal property in Oklahoma City, and that many cases had been filed against him, and he had been convicted numerous times. It is also revealed by the record that Myers had on one occasion sold this same defendant a stolen watch for $5, and that his wife had bought other stolen articles from him, such as cigarettes, cigars and candy, and that the defendant knew of these transactions.

It is unnecessary to quote extensively from the record, as the testimony was for the consideration of the jury, and it was their duty to determine from all the evidence in the case whether in their opinion the defendant had knowledge at the time the property was received that it had been stolen, or that he had reasonable grounds to so believe. The record reveals many facts and circumstances which warranted the jury in reaching the conclusion of the guilt of the defendant. This property was bought at a place other than where property of this kind is generally sold. An inadequate price was paid for the same. It was sold near nighttime. The jury had the right to take into consideration the fact that the defendant and his wife had bought other property from Myers, and under suspicious circumstances.

A written statement made by defendant at the time of his arrest, and also statements made by him to the officers, were evidently considered by the jury in determining his guilt. The transaction with reference to the buying of the watch by him and his wife some 14 days prior to the time he bough the coat was significant. The testimony of the defendant himself gave strong indication that he knew that the watch was stolen property at the time of the purchase of the same.

The rule announced by this court in the case of Camp v. State, 66 Okla. Cr. 20, 89 P. 2d 378, 380, has been adhered to in both the early and the late cases of this court. It is there said:

"Under the well defined principles of law, as outlined by the many decisions of this court, it is necessary in a case of this character, not only for the state to show that the goods have been stolen, but it is necessary to show that the party receiving the property had knowledge at the time the property was received that it had been stolen. By this expression it is not meant that it is necessary for the person receiving the same to have actually seen the theft of the property. It is sufficient if the facts are such as to cause an actual belief that the property was stolen. Price v. State, 9 Okla. Cr. 359, 131 P. 1102; 2 Bishop's New Criminal Law, Section 1138. Some cases have held that a conviction should be sustained if the facts were such 'that in all probability' would make the accused believe that the property had been stolen. This doctrine is not upheld in this state. Wingfield v. State, 55 Okla. Cr. 374, 30 P. 2d 930; Weaver v. State, 30 Okla. Cr. 309, 235 P. 635; Wilson v. State, 55 Okla. Cr. 22, 24 P. 2d 296.

"Other cases have held that where the proof would 'put a man of ordinary intelligence and caution on inquiry,' that this was sufficient. This doctrine is not upheld by the decisions of this court. Pickering v. United States, 2 Okla. Cr. 197, 101 P. 123; State v. Denny, 17 N.D. 519, 117 N.W. 869.

"The knowledge necessary may be proved by direct or circumstantial evidence, or by both. Within well defined principles of law each case must rest upon the facts of that individual case. By reason of the nature of the crime it is generally necessary for the state to rely upon circumstantial evidence in cases of this character.

"The party who purchases property from utter strangers and receives it under unusual circumstances, and especially where all the facts of the case are passed upon by a jury, and the jury has come to the conclusion after hearing the facts and circumstances, that the defendant had knowledge that it was stolen property, and by so rendering their verdict, it cannot be successfully maintained in an appellate court that defendant did not believe the property was stolen. He was just as guilty if he believed it was stolen property as if he had positive knowledge of that fact. Applying the above principle of law to the facts in the instant case, we would not be justified in reversing this case."

See, also, Cox v. State, 74 Okla. Cr. 186, 124 P. 2d 432; Pierce v. State, 54 Okla. Cr. 118, 15 P. 2d 603; Lordi v. State, 47 Okla. Cr. 102, 287 P. 1083; Goodwin v. State, 68 Okla. Cr. 381, 99 P. 2d 181; Herren v. State, 72 Okla. Cr. 254, 115 P. 2d 258; Gourley v. State, 49 Okla. Cr. 24, 292 P. 873.

Finding no error in the record, we are of the opinion that the judgment of the district court of Oklahoma county should be affirmed; and it is so ordered.

JONES, P. J., concurs. DOYLE, J., not participating.