**Leslie F. WOODARD, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 14061.**

United States Court of Appeals
District of Columbia Circuit.

Argued Dec. 4, 1957.

Decided Jan. 2, 1958.

Petition for Rehearing In Banc Denied
Feb. 12, 1958.

Mr. De Long Harris, Washington, D. C. (appointed by this Court) for appellant.

Mr. Walter J. Bonner, Asst. U. S. Atty., with whom Mr. Oliver Gasch, U. S. Atty., and Messrs. Lewis Carroll and Frederick G. Smithson, Asst. U. S. Attys., were on the brief, for appellee.

Before PRETTYMAN, FAHY and BURGER, Circuit Judges.

PER CURIAM.

Woodard and a co-defendant named Long were convicted of robbery and unauthorized use of an automobile. Woodard was also convicted of causing the transportation in interstate commerce of a falsely made and forged check. On this appeal Woodard urges an illegal search and seizure.

On or about December 23, 1956, Woodard and Long arrived in Los Angeles, California, and appeared at the apartment of Long's great-aunt, a Mrs. Berry, who, charging no rent, took the boys in as guests. Subsequently, on January 1, 1957, Mrs. Berry called the Los Angeles police. She told the two policemen who came to her apartment in response to her call that she was "all upset" because, while cleaning the room occupied by the boys, she had found a gun and some identification papers with unfamiliar names and Washington, D. C., addresses. She said she believed the young men were involved in some sort of a crime.

With Mrs. Berry's permission the officers made a thorough search of the bedroom. They found a 25-caliber automatic pistol in the pocket of a suede jacket which was hung on a lamp in the bedroom. The pistol was loaded with three bullets. They also found, in a box of clothing which Mrs. Berry had given the boys for Christmas, a draft registration card, a Social Security card, and a bank deposit book, all in the name of Eugene Surratt, of Washington, D. C., and several other papers bearing other names.

The officers replaced the gun and papers and told Mrs. Berry to remain at

home and call them when the boys returned. She became frightened, however, and went to a hotel. She tried several times to reach someone at her apartment by telephone but received no answer until eleven o'clock at night. At that time someone picked up the receiver and said "Hello," whereupon Mrs. Berry hung up and called the police, relaying this information. The same policemen returned to the apartment, placed Woodard and Long under arrest, and asked them where the gun and papers were. Long said the gun was in the suede jacket, and Woodard said the papers were in the clothing box. The gun was examined and found to have been reloaded. After a search, first of the box and then of the entire apartment, the officers were unable to find the papers.

On the following evening, January 2, 1957, while Woodard and Long were still in custody, one of the officers again went to Mrs. Berry's apartment in response to another telephone call from her. Pursuant to information given him by her, he made another search of the bedroom and found a second gun, an unloaded 22-caliber pistol. Long and appellant were later released, but on January 11, 1957, on teletype authority from the District of Columbia authorities, two officers arrested Long and appellant in the same premises.

We find no unreasonable search or seizure in the foregoing circumstances. Reasonableness is always to be determined by the circumstances. A lady householder "takes in", without payment of rent, two house guests, her grand-nephew and another young man whom she had never seen. In the normal process of tidying up a room occupied by these guests, she discovers a loaded pistol and some extremely personal papers bearing names not those of her guests. She naturally becomes alarmed and, not only naturally but properly, calls the police. The officers, pursuant to plain and basic duty, respond to the call. The householder points them to the alarming belongings of her guests. Later the lady, still alarmed, again calls the officers, and, pursuant to her information and request, they look again and find a second gun. Surely police officers have a right to look at and seize such property as this when the householder asks them to do so.

The arrest in this case is no part of the problem, because the search and seizure were not bottomed upon or incidental to the arrest, and the circumstances were so exceptional as to dispense with the necessity for a search warrant.[1]

Affirmed.

---

1. See McDonald v. United States, 335 U.S. 451, 454, 69 S.Ct. 191, 93 L.Ed. 153 (1948).