DeWayne JOHNSON, Appellant,

v.

UNITED STATES of America, Appellee.

No. 22773.

United States Court of Appeals Fifth Circuit.

March 17, 1966.

Certiorari Denied June 6, 1966.

See 86 S.Ct. 1879.

O. H. Harris, William D. Watts, Dallas, Tex., for appellant.

Robert S. Travis, B. H. Timmins, Jr., Asst. U. S. Attys. Ft. Worth, Tex., Melvin M. Diggs, U. S. Atty., for appellee

Before GEWIN and THORNBERRY, Circuit Judges, and WEST, District Judge.

PER CURIAM:

The appellant was convicted in the United States District Court for the Northern District of Texas of unlawful possession of stolen mail in violation of 18 U.S.C.A. § 1708. The sole question presented on this appeal is whether the District Court erred in admitting into evidence certain articles found in an automobile by postal inspectors after the automobile had been lawfully repossessed by appellant's mortgagee who granted permission to search it without a warrant.

Appellant contends that under the laws of Texas legal title to the automobile was still in his name; therefore, the postal inspectors were required to obtain his permission for a warrantless search. The Government contends that the mortgagee had lawful *possession* of the vehicle; therefore, permission of the mortgagee rendered the search lawful.

■■ The person in lawful possession of an automobile has authority to grant permission to search it. None of appellant's constitutional liberties were violated in the circumstances. See Abel v.

United States, 362 U.S. 217, 241, 80 S.Ct. 683, 4 L.Ed.2d 668 (1960); Parr v. United States, 255 F.2d 86 (5 Cir. 1958). The judgment is affirmed.