Bernard Tomson, J.
This is a motion during trial by the defendant pursuant to section 813-c of the Code of Criminal Procedure to suppress the use in evidence by the People of *964 certain ^contraband obtained as a result of a search of the defendant’s home. The defendant is charged with violating subdivision 2 of section 1897 of the Penal Law in that he unlawfully possessed firearms and ammunition in his home.
At the hearing on the motion the undisputed facts were as follows:
On December 3,1966, two officers from the Village of Málveme Police Department appeared at the home of the defendant, requested and received from the defendant’s mother consent to search the home which she owned and in which the defendant resided. At the time the defendant was under arrest for traffic violations and in the custody of the Málveme police at the station house. The officers first searched the defendant’s bedroom and thereafter the cellar of the home where they found the contraband, sought to be suppressed, in a cardboard box in the area where a workbench was located. The consent given the officers by the defendant’s mother was first orally given and subsequently, while the officers were still at the home, reduced to writing in her own hand.
The determination to be made is whether or not the seizure of the contraband was the product of a reasonable search which turns upon whether or not the consent given by the defendant’s mother under the circumstances disclosed, was operable as against the defendant himself. We are not here concerned with any question as to the voluntary character of the consent given (Johnson v. United States, 333 U. S. 10), but solely with the question as to whether or not the defendant’s mother’s consent rendered the search “ reasonable ”.
While it is ordinarily true that the burden of proof rests upon the defendant where he seeks to sustain a claim of illegal search and seizure (People v. Lombardi, 18 A D 2d 177, affd. 13 N Y 2d 1014), nevertheless, in order for the People to prevail, they (the People) are under the necessity of going forward in the first instance with evidence tending to establish the legality of the search made (People v. Malinsky, 15 N Y 2d 86). In such instances where such proof offered is by way of a consent obtained, the burden is upon the People to prove by clear and convincing proof that such consent was freely and voluntarily given (United States v. Smith, 308 F. 2d 657 [C. A. 2d]). Since consent is a waiver of a constitutional safeguard, courts indulge every reasonable presumption against a waiver of a fundamental right (Johnson v. Zerbst, 304 U. S. 458).
It has been held that a wife could not validly consent to a search of her husband’s personal effects which were not exposed *965 to open view. (People v. Gonsalez, 50 Misc 2d 508 and cf. United States v. Heine, 149 F. 2d 485 [C. A. 2d, 1945].)
The seizure of contraband in a room which a defendant, unrelated to the owner of the premises, was permitted to use whenever he happened to visit, was held to be the product of a reasonable search where the owner of the home had furnished the consent. (Calhoun v. United States, 172 F. 2d 457, cert. den. 337 U. S. 938.) The consent given by a tenant of an apartment was held to be an effective waiver to sustain a search of the tenant’s apartment which search disclosed contraband secreted in a bedroom where it appeared that the defendant had been an occasional visitor to the apartment (People v. Kortwright, 236 N. Y. S. 2d 385).
It is our judgment that there is ample authority to sustain the reasonableness of the search in this case. (Woodard v. United States, 254 F. 2d 312; United States v. Rees, 193 F. Supp. 849.) As a matter of fact, the Woodard case presented a stronger claim on the defendant’s part since the contraband which had been recovered was found in the room which had been occupied by the defendant in his grandmother’s home, while in the instant case the contraband was found in the cellar and there was no proof offered to establish that the defendant had exclusive use of the cellar nor was there any question present that he had paid rent for its use nor any other significant facts that would tend to establish that he had a proprietary interest in the cellar either with a right to its exclusive use or jointly with his mother. The motion is denied.