No. 21997.

Harvey J. Spencer v. The People of the
State of Colorado.
(429 P.2d 266)

Decided June 26, 1967.

AMAN & HANES, for plaintiff in error.

DUKE W. DUNBAR, Attorney General, FRANK E. HICKEY, Deputy, JAMES F. PAMP, Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE PRINGLE delivered the opinion of the Court.

HARVEY J. SPENCER was arrested, tried and found

guilty of burglary and larceny. These charges arose out of the burglary of the Fountain-Fort Carson High School in Fountain, Colorado, on the night of October 7, 1964. The plaintiff in error will be referred to as the defendant, and the defendant in error will be referred to as the People.

The information charged that the defendant broke into the school, pried open the door of the school vault, pried open the safe which was in the vault, and stole a 16 millimeter movie camera and more than $600.

The defendant raises three alleged errors in asking reversal of the conviction:

(1) That the trial court erred in admitting into evidence the 16 millimeter Bell and Howell movie camera which was allegedly stolen from the high school.

(2) That the trial court erred in overruling an objection to the testimony of one of the officers who arrested the defendant with regard to statements made by the defendant concerning his awareness of his constitutional rights.

(3) That the trial court erred in denying defendant's motions for a directed verdict of acquittal.

I.

In his first assignment of error, the defendant asserts that the 16 millimeter movie camera was erroneously admitted into evidence because: (a) it was the result of an unconstitutional search and seizure; (b) it was not sufficiently shown to have been in the possession or control of the defendant; and (c) it was not shown that defendant's alleged possession of the camera was personal, exclusive, recent and unexplained, as required by *Van Straaten v. People,* 26 Colo. 184, 56 P.905. We will discuss these three objections to the admission of the camera in the order just set forth.

The defendant was arrested on October 13, 1964. He told the police that he was staying at 106 West Brookside, an address in El Paso County. That night, several officers went to the address given by the defendant and

were admitted into the house by the occupant, a Mrs. Henderson. She showed the officers a bedroom where the defendant had been staying. In response to a request by the officers for property belonging to the defendant, Mrs. Henderson produced the camera in question and handed it to the officers. The officers left the premises without taking the camera with them. At about noon the next day, October 14, 1964, the officers returned to the house and asked Mrs. Henderson if she would be willing to give them the camera. She did so voluntarily. At no time did the officers obtain a warrant to search the house or to seize the camera. Mrs. Henderson did not object to the presence of the officers in her home on either day and she did, in fact, freely aid them in the search. The record shows that defendant was staying at Mrs. Henderson's home at her invitation. The record also shows that the bedroom in question was open to access by anyone in the house since there was no door between the bedroom and the rest of the house, or, at least there was no closed or locked door at the time of the visits by the officers. One of the officers testified that he saw articles of clothing, which apparently belonged to Mrs. Henderson, in the closet in the defendant's bedroom.

The defendant claims that the police obtained the camera as the result of an unconstitutional search and seizure, and that the camera should have, therefore, been excluded from evidence at the trial. The People allege, in reply to this contention, that:

(1) There was no "search and seizure" at all.

(2) If there was a search, the defendant has no standing to object to the validity of the search.

(3) That if there was a search and if the defendant has standing to object to the validity of the search, then the consent to the search given by Mrs. Henderson makes the search valid and constitutional.

Contrary to the allegation made by the People, there was clearly a "search" in this case. One of the

officers testified that they went to the address given to them by defendant in order to obtain evidence or information about the defendant, and that the camera was produced by Mrs. Henderson at the specific request of the officers. In addition, the officer testified that, while no exhaustive search was made of the premises, the officers did look under the bed in the defendant's bedroom. The actions of the police officers in this case were a search. See generally *Hernandez v. People,* 153 Colo. 316, 385 P.2d 996.

The People claim that defendant has no standing to object to the validity of this consent because he had no *right* to live in the house, but was merely a temporary guest or invitee of Mrs. Henderson.

We assume, without deciding, that defendant *did* have sufficient standing to object to this search. See *Jones v. United States,* 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697; *Annot.,* 78 A.L.R.2d 246 (1961).

There is no assertion that this search was made under a search warrant, or with the consent of the defendant, and the premises searched clearly were not the scene of the arrest of the defendant. Therefore, the validity of the search depends on the consent given by Mrs. Henderson. See *Smuk v. People,* 72 Colo. 97, 209 P.636. The record clearly shows that Mrs. Henderson did give her consent to the search on both occasions, and it is also clear that she actively aided the officers in looking through the bedroom. We hold that the consent given by Mrs. Henderson was sufficient to make the search valid and constitutional. Mrs. Henderson resided in the house with her five year old daughter. Mrs. Henderson was either the owner of the house, or was at least the person in full control of the house. And, it is important to note, the record also shows that she had the right of unlimited access to the bedroom in question. Under these circumstances, her consent was valid. The apparent owner of the property who has equal rights to the use of the premises and has equal access

to the premises may legally authorize a search of those premises. *Woodard v. United States*, 254 F.2d 312 (D.C. Cir. 1958), *cert. denied*, 357 U.S. 930, 78 S.Ct. 1375, 2 L.Ed.2d 1372; *Calhoun v. United States*, 172 F.2d 457 (5th Cir. 1949), *cert. denied*, 337 U.S. 938, 69 S.Ct. 1513, 93 L.Ed 1743; *People v. Gorg*, 45 Cal.2d 776, 291 P.2d 469; *People v. Howard*, 166 Cal. App.2d 638, 334 P.2d 105; *Van Wyck v. State*, 56 Okla. Crim. 241, 37 P.2d 321; *Annot.*, 31 A.L.R.2d 1078 (1953) §§ 3, 6. And see, *Burge v. United States*, 342 F.2d 408 (9th Cir. 1965), *cert. denied*, 382 U.S. 829, 86 S.Ct. 63, 15 L.Ed.2d 72; *People v. Swift*, 319 Ill. 359, 150 N.E. 263. The seizure of the camera and the later introduction of it into evidence were proper.

■■ The defendant also argues that the People did not prove that defendant was ever in possession of the camera or that such possession was personal, exclusive, recent or unexplained. The record shows that the camera was found at the address given by defendant as his residence, in a bedroom occupied by defendant. After seizing the camera on the morning of October 14, 1964, the officers told defendant that they had found the camera at the address which he had given. One of the officers testified: "I told him (defendant) that I picked up the camera from his girl friend's house at 106 West Brookside, and I asked him then where he got it. He said he stole it. And I asked him where, and he said 'Well, you know where it is from.'" In his testimony on his own behalf, the defendant claimed that he *bought* the camera from a casual acquaintance. There was, thus, sufficient evidence from which the jury might properly conclude that the camera was in the recent possession of the defendant, and the weight, if any, to be given to the defendant's explanation of the manner in which he acquired the camera was for the jury to determine. The jury obviously chose not to believe the defendant's explanation.

## II.

In his second allegation of error, the defendant claims that one of the investigating officers was improperly allowed to testify as to why the defendant was aware of his constitutional rights. The testimony in question related to the circumstances surrounding a search of the defendant's car. The officers took the defendant from the jail to the garage where the defendant's car was parked. They then showed the defendant a search warrant for the search of the car and the defendant produced the car keys. The car trunk was opened, a briefcase was removed, and one of the officers examined the contents of the briefcase.

The officer testified that he then advised Spencer of his constitutional rights at which time Spencer said he was aware of his rights because he had just come out of Fort Leavenworth Penitentiary and had been through this before. Under these circumstances, it was not prejudicial error to permit evidence of the statements of the defendant as to his awareness of his rights. The evidence showed the circumstances surrounding the search and the advising of defendant as to his rights. Evidence properly admissible for one purpose does not become inadmissible because it would be inadmissible if offered only for another purpose. Cf. *Allarid v. People*, 162 Colo. 537, 427 P.2d 696. In any case, in his own testimony, the defendant testified as to his previous felony convictions and as to his recent release from Fort Leavenworth Penitentiary. No prejudice could have resulted from the admission of the officer's testimony, *Mitsunaga v. People*, 54 Colo. 102, 129 P.241.

## III.

In his third allegation of error, the defendant asserts that his motions for a directed verdict of acquittal should have been granted because the People's evidence is insufficient to justify a verdict of guilty. We do not agree.

As noted above, the stolen camera was found in the

189

defendant's room, and various stolen checks were found in the defendant's car. The admissions of the defendant to the effect that he had stolen the camera were in evidence. In opposition to this evidence was the defendant's unsupported assertion that he had bought the camera and that he had agreed to dispose of the briefcase containing the stolen checks and papers at the request of the man who allegedly sold the camera to the defendant. In his testimony, the defendant denied making any admissions to the officers. There was sufficient evidence to allow the case to go to the jury, and the jury did not accept the defendant's explanations. The denials of the motions for directed verdict of acquittal were not error

The judgment is affirmed.