No. 22755.

STEPHEN BRENT PATTERSON *v.* THE PEOPLE OF THE
STATE OF COLORADO.
(451 P.2d 445)

Decided March 17, 1969.

THEODORE J. SOJA, for plaintiff in error.

DUKE W. DUNBAR, Attorney General, JOHN P. MOORE, Deputy, GEORGE E. DEROOS, Assistant, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE PRINGLE.

■ A jury convicted Stephen Patterson of grand larceny, and he was sentenced to a term of three to five years in the state penitentiary. The principal exhibits received in evidence, a stolen aircraft radio and accessories, were seized after Patterson was arrested by a deputy sheriff who was invited into Patterson's motel apartment by posing as a potential buyer. The sheriff had no warrant. A motion to suppress the evidence was denied. Patterson contends here that the evidence should have been suppressed on the grounds that his arrest and the seizure of the evidence were illegal. We find no error and affirm.

I.

■ Patterson contends that because the sheriff used "trickery" to gain admission to his apartment, his constitutionally guaranteed right of privacy was violated. We do not agree. In search and seizure cases decided after *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, the United States Supreme Court has not restricted police activities at the investigative stages of criminal law enforcement to the same degree as it has imposed restrictions on police activity after arrest. The decoy or undercover agent is one weapon in the police "arsenal," for example, which has received judicial sanction. So long as the agent's conduct falls short of actual

instigation of a crime, which raises the defense of entrapment, the Court has refused to set aside convictions because evidence was obtained by means of undercover work by law enforcement agents. See, *e.g.*, *Hoffa v. United States*, 385 U.S. 293, 87 S.Ct. 408, 17 L.Ed.2d 374; *Lewis v. United States*, 385 U.S. 206, 87 S.Ct. 424, 17 L.Ed.2d 312. See, also, for a more detailed discussion, Pringle and Garfield, *The Expanding Power of Police to Search and Seize: Effect of Recent U.S. Supreme Court Decisions on Criminal Investigations*, 40 U. Colo. L. Rev. 491, 500-504.

In *Lewis*, an undercover federal narcotics agent telephoned the defendant's home, stated that a mutual friend had told him that defendant might be able to supply marijuana, and drove to his home to make the purchase. A similar transaction occurred about two weeks later. Several months after that, the defendant was arrested. The defendant argued unsuccessfully to the Court that, since the invitation to his home was induced by fraud and deception, the official instrusion upon the privacy of his home constituted a violation of the fourth amendment to the United States Constitution.

In the present case, several months after the theft of certain aircraft radios from Columbine Airport in Jefferson County, Patterson tried to sell an aircraft radio to a flight instructor at another airport. The latter person had no use for it, but said that he would refer other potential buyers to Patterson. During the course of his investigation of the airport theft, the sheriff received this information and arranged to meet Patterson at his apartment on the pretense that he wanted to buy an aircraft radio. As in *Lewis*, the sheriff was invited to Patterson's apartment for the purpose of transacting an illegal sale.

Patterson voluntarily admitted the sheriff. After a brief conversation, he took an aircraft radio from inside a television set, and put it on a table near the sheriff. At that point, the sheriff saw a power supply unit. Within

a few feet of the radio, Patterson also placed what appeared to be a prepared bill of sale with the sheriff's name on it. Then Patterson left the apartment, and returned about five minutes later with an "earpiece" or headset and a microphone. A few minutes later, three officers appeared at the door, and Patterson was arrested. All of the evidence just noted was the subject of the motion to suppress.

■ The evidence clearly demonstrates that the sheriff was invited into Patterson's apartment for the sole purpose of purchasing a stolen radio. In the same manner as a private person, an investigating officer may accept an invitation to do business and may enter upon the premises for the very purposes contemplated by the occupant. It is true that the fourth amendment to the Constitution protects against governmental instrusion upon the sanctity of a man's home and the privacies of his life. But when one opens his home to the transaction of business and invites another to come in and trade with him, he "breaks the seal of sanctity and waives his right to privacy in the premises," with relation to the person who accepts that invitation to trade. When the customer turns out to be a government agent, the seller cannot then complain that his privacy has been invaded so long as the agent does no more than buy his wares. *Lewis v. United States, supra.*

■ The evidence mentioned to this point was voluntarily put on a table in front of the sheriff. Under the circumstances, there was no search involved which could be said to be unreasonable. *Alire v. People,* 157 Colo. 103, 402 P.2d 610; *State v. MacKenzie,* 161 Me. 123, 210 A.2d 24.

## II.

■ Patterson also contends that the sheriff had probable cause to arrest him even before he discussed the proposed transaction with him, and therefore the sheriff should have advised him of his rights before he attempted to make the "buy." Warnings are not required during

the investigating stage of an undercover operation, for to require such a warning would immediately end the operation.

■■ When the sheriff came to Patterson's apartment, he was merely investigating the possibility that Patterson may have been involved in the airport theft. An investigating officer is not required to guess at his peril the precise moment at which he has probable cause to arrest a suspect, risking a violation of the fourth amendment if he acts too soon, and a violation of the sixth amendment if he waits too long. "Law enforcement officers are under no constitutional duty to call a halt to a criminal investigation the moment they have the minimum evidence to establish probable cause, a quantum of evidence which may fall far short of the amount necessary to support a criminal conviction." *Hoffa v. United States, supra.*

### III.

After Patterson was arrested, the officers requested and received permission from the motel manager to search the motel storage area. Accompanied by the motel manager, the officers found two cardboard boxes with Patterson's name on them. One of the boxes, and an automatic direction finder which it contained, were received in evidence at trial. Patterson argues that this search also was illegal.

The record clearly reflects that the motel manager had exclusive control over the storage area. In his motion to suppress the evidence, Patterson alleged that this particular search took place in an area "not rented, owned, or under the control of the defendant." During the hearing on the motion to suppress, Patterson testified that the manager had control of the storage room, and that whenever he wanted something from it he had to get permission. Patterson testified further, for example, that he had obtained permission from the manager to enter the storage area in order to get the headset and microphone.

■ Under all the circumstances present here, we conclude that Patterson was not deprived of his constitutional rights by reason of the search of the storage area. We assume, *arguendo*, that Patterson had standing to object to the search. Nevertheless, the consent given by the motel owner made the search of the storage area constitutionally permissible. *Spencer v. People,* 163 Colo. 182, 429 P.2d 266.

Moreover, we point out that at the time of the search of the storage area Patterson had already been arrested. In view of the evidence before the officers at the time of the arrest, no serious contention can be made that they lacked probable cause to arrest as contended by plaintiff in error. See *Gonzales v. People,* 156 Colo. 252, 398 P.2d 236.

The judgment is affirmed.

MR. JUSTICE DAY, MR. JUSTICE GROVES and MR. JUSTICE LEE concur.