472 P.2d 42

**The STATE of Arizona, Appellee,**

v.

**Jeffrey Lynn CROMEANS, Appellant.**

**No. 2053.**

Supreme Court of Arizona, In Banc.

July 17, 1970.

Rehearing Denied Sept. 15, 1970.

Gary K. Nelson, Atty. Gen., Phoenix, by Carl Waag, Asst. Atty. Gen., Phoenix, for appellee.

Robert M. Campbell, Chino Valley, for appellant.

STRUCKMEYER, Vice Chief Justice.

Jeffrey Lynn Cromeans was tried by jury, convicted and sentenced for the crime of first degree burglary with two prior felonies. From the judgment of conviction and sentence thereon he appeals.

The evidence established that on the evening of January 4, 1969 defendant, together with one Donald Gene Alexander, broke into an automobile owned by Dr. E. A. Born, then parked at the Yavapai Community Hospital, and took from it his medical bag which, among other things, contained a barbiturate kit. Alexander testified at the trial as a witness on behalf of the State and there was admitted into evidence the barbiturate kit found in the home of Mrs. Ruth Neel, mother of Alexander.

At the start of the trial, Cromeans moved the court to suppress the use of the barbiturate kit as evidence on the grounds that it had been discovered during the course of an unlawful search. The court, after presentations of legal arguments, denied Cromeans' motion. As to this, two police officers five days after the theft of the doctor's medical bag went to the home of Mrs. Ruth Neel where Alexander, her son, resided and requested permission to enter the home, which was given. After they entered the house, they requested consent to conduct a search and this was also given. At that time the defendant, Cromeans, was present as a guest in the house. The officers told him to go outside while they made their search, which he did.

Defendant cites to and argues from certain Federal and Arizona cases. None, however, supports his basic claim that a mere guest on the premises of another has standing under the Fourth Amendment of the United States Constitution to object to the lawfulness of a warrantless search where the owner in possession or one with the right of possession gives his consent thereto. All the recent cases are to the contrary. Johnson v. United States, 5 Cir., 358 F.2d 139; Burge v. United States, 9 Cir., 342 F.2d 408; Spencer v. People, 163 Colo. 182, 429 P.2d 266; Jenkins v. State (Del.), 230 A.2d 262; State v. Haggard, 89 Idaho 217, 404 P.2d 580; State v. MacKenzie, 161 Me. 123, 210 A.2d 24; State v. Kinderman, 271 Minn. 405, 136 N.W.2d 577; People v. Austin, 53 Misc.2d 963, 280 N.Y.S.2d 433; State v. Carder, 9 Ohio St. 2d 1, 38 Ohio Ops.2d 1, 222 N.E.2d 620.

Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697, 78 A.L.R.2d 233, is clearly distinguishable on the facts. There the owner had given permission to Jones to occupy the premises and he was in lawful possession. Neither Jones nor the owner had given his consent to a search. In State v. Allen, 9 Ariz.App. 196, 450 P.2d 708, Allen, like Jones, was occupying the premises, but with a woman companion. Neither gave their consent to the search. In the instant case the owner was present and gave her consent. That Cromeans did not consent is immaterial, for he had no authority to withhold consent as against Mrs. Neel's right of possession.

In Cromeans' motion to suppress he alleged that he was present at the time of the search and seizure as a guest of the owners of the premises and had standing to question the legality of the search as a person aggrieved. He now suggests in this Court that Alexander and his mother were susceptible to police pressure from previous encounters with the law. It is, of course, possible that consent to a search might be induced through duress or other wrongful means less than actual force. However, the motion to suppress did not assert or allege any facts from which it might be inferred that Mrs. Neel was un-

der duress at the time she gave her consent to the search, nor is there anything in the transcript of the trial in the nature of avowals or suggestion from defense counsel that Mrs. Neel was under duress or coercion. The evidence is to the contrary. Police Officer W. G. Flores testified:

"A. I asked Mrs. Neel if I could search the house.

Q. And what was her response?

A. And she willingly stated it was all right with her.

Q. Now, when you asked for consent and she gave you consent to search the house, who else was close enough to hear the question?

A. Mr. Cromeans and Don Alexander and Detective Love."

We presume that Mrs. Neel had a choice upon being confronted with the police officer's request to conduct a search. What her purpose or motive may have been in consenting is wholly immaterial lacking some showing of the elements of duress.

█ Cromeans poses a second question which is to the effect that he has standing to question the voluntariness of Alexander's confession where it was induced by being confronted with the illegally seized evidence, the barbiturate kit. Since we have concluded that the search was not unreasonable under the Fourth Amendment, it follows that the seizure of the barbiturate kit was not illegal. Cromeans' theory that he can exclude an accomplice's testimony merely because of the manner in which the accomplice's confession was initially derived, a theory for which we know of no precedent, is based at best upon the erroneous premise that the barbiturate kit was illegally seized.

The judgment is affirmed.

LOCKWOOD, C. J., and UDALL, McFARLAND and HAYS, JJ., concur.