**Jeanne Cormack BASS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. A14–85–00169–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

July 10, 1986.

Ronnie G. Harrison, Houston, for appellant.

John B. Holmes, Jr., Kathlyn Giannaula and Norma Mancha, Houston, for appellee.

Before JUNELL, DRAUGHN and ELLIS, JJ.

## OPINION

JUNELL, Justice.

Jeanne Cormack Bass appeals a conviction for theft of services for which she received a sentence of two years imprisonment. In her first four grounds of error, appellant claims she was denied effective assistance of counsel. She contends in ground of error five that the trial court erred in denying her motion to suppress items illegally seized by the prosecutor in a search of appellant's personal papers. In grounds of error six and seven, appellant alleges the prosecutor engaged in misconduct by illegally searching appellant's belongings and by withholding exculpatory evidence. We affirm.

On March 26, 1983, appellant checked into the Anderson-Mayfair Hotel, a residential hotel used primarily by patients being treated in the Texas Medical Center. At the time appellant was being treated for cardiological and psychiatric problems. Appellant's apartment rented for $65.00 a night; she also used housekeeping, room, and phone services supplied by the hotel. Although the hotel billed her weekly, appellant did not pay her bill. After repeated requests for payment brought no response, the hotel manager informed appellant that criminal charges would be filed against her and her personal possessions would be confiscated if she left without paying. In late June 1983, the hotel locked appellant out of her apartment and confiscated her belongings. Appellant owed approximately $7500 at the time she was evicted.

Appellant's belongings were placed in storage in the hotel. In March, 1984, she returned to the hotel and attempted to claim her belongings. The hotel refused to release the property until paid. Appellant left promising to return with a check. Shortly thereafter the hotel filed theft of services charges against her.

In her first four grounds of error, appellant alleges she received ineffective assistance of counsel because her attorney allowed appellant to testify which resulted in her impeachment by introduction of evidence of extraneous offenses, because her attorney failed to properly object to inadmissible testimony, and because the court allowed her attorney's inexperienced associate to be lead counsel during her attorney's absence.

█ To prove ineffective assistance of counsel, the defendant must show both that counsel's performance was deficient and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Ingham v. State*, 679 S.W.2d 503, 509 (Tex.Crim.App.1984).

■ Appellant contends that she was prejudiced because her counsel did not know the law on impeachment with probated convictions, the facts of the case, or the law of the case as pertaining to extraneous offenses. On cross-examination of appellant, the state established that appellant was on probation in South Carolina for aggravated assault and for passing a worthless check. Reference was also made to a worthless check conviction in Harris County and a forgery conviction, although the existence of those convictions was never established. Appellant's counsel repeatedly objected to the introduction of the extraneous offenses. Nothing in the record shows appellant's counsel did not have knowledge of the facts of the case or appellant's extraneous offenses.

■ Appellant complains that her attorney erred in allowing her to testify since the state was able to introduce evidence of extraneous offenses and prior convictions. Appellant admitted to owing money to the Anderson-Mayfair Hotel for services rendered. Her only real defense to the charge was lack of intent. To present the defense of lack of intent, it was necessary that appellant take the stand. Faced with overwhelming evidence of appellant's guilt, it cannot be said appellant's counsel erred in allowing appellant to take the stand even though it subjected her to cross-examination on prior convictions and extraneous offenses. *See Curtis v. State,* 500 S.W.2d 478, 481 (Tex.Crim.App.1973). Given the undisputed evidence that appellant had incurred the bill, had not paid any portion of the bill and had incurred similar debts in the past, allowing appellant to take the stand in hopes of eliciting the jury's sympathy and establishing lack of intent was a plausible trial tactic. An appellate court will not review the wisdom of a trial tactic unless it lacks a plausible basis. *Johnson v. State,* 614 S.W.2d 148, 152 (Tex.Crim.App.1981). Appellant's first and second grounds of error are overruled.

■ Appellant's third ground of error complains of three instances where her counsel did not request an instruction to disregard. In two instances, the court sustained counsel's objection and the witness did not answer. In the third instance, the trial judge sustained the objection and instructed the jury to disregard the witness's answer. Appellant complains her counsel failed to preserve error. The record is replete with objections by appellant's counsel. Appellant's counsel did object to the improper questions in two of the cited instances. An error in asking an improper question or in admitting improper testimony in a criminal proceeding may be cured or rendered harmless by its withdrawal or an instruction to disregard. *Carter v. State,* 614 S.W.2d 821, 824 (Tex.Crim.App. 1981). Appellant has failed to show she was harmed by the disregarded questions. An isolated failure to object to improper evidence does not constitute ineffective assistance of counsel. *Ingham, supra* at 509. Appellant's third ground of error is overruled.

■ In her fourth ground of error, appellant complains the trial court erred in allowing her counsel's inexperienced associate to present evidence during the lead counsel's absence. Appellant fails to specify what errors and omissions were made by the associate which harmed appellant's case. The associate was a licensed attorney. She had actively participated in direct and cross-examination under the direction of appellant's lead counsel. Appellant has failed to show she was harmed in any way by the associate's taking first chair during the trial. Appellant's fourth ground of error is overruled.

Appellant's fifth and seventh grounds of error contend that the court erred in denying her motion to suppress evidence illegally seized by the prosecutor and that the prosecutor acted improperly in seizing such evidence. The hotel had placed appellant's property in a storage box pending a settlement of her bill. The prosecutor was allowed to examine the contents of the box and obtained a mailgram from appellant to the Hyatt Regency Hotel which referred to an unpaid hotel bill. The mailgram was introduced into evidence at trial.

 Appellant claims the prosecutor illegally searched her belongings and seized the evidence in violation of her Fourth Amendment rights. In examining Fourth Amendment rights, the ultimate criterion is whether there was a violation of the claimant's legitimate or reasonable expectation of privacy. In making this determination, property rights are relevant but not the sole determinant. *Salpas v. State,* 642 S.W.2d 71, 73 (Tex.App.—El Paso 1982, no pet.). In *Salpas,* the landlord entered into a storage locker after the tenant had defaulted in rentals. Such entry was allowed by the terms of the rental contract. The landlord found contraband and notified the police who searched the locker and found narcotics. The court held that where the landlord had taken possession upon default pursuant to a landlord's lien, subsequent entry of police officers with the landlord's permission did not violate the tenant's reasonable expectation of privacy. Appellant had no reasonable expectation of privacy in the hotel room once she had failed to pay her bill so that a search of her liened property did not violate her Fourth Amendment rights.

Furthermore, when the defendant's baggage is searched while in the possession of a hotel manager pursuant to a hotel lien, the defendant does not have standing to challenge the search. *United States v. Cowan,* 396 F.2d 83 (2nd Cir. 1968); *see also United States v. Croft,* 429 F.2d 884, 887 (10th Cir.1970); *Patterson v. People,* 168 Colo. 417, 451 P.2d 445, 447 (1969).

The hotel had a lien on appellant's belongings pursuant to Tex.Rev.Civ.Stat.Ann. article 4594. The hotel manager had the right to give the prosecutor permission to search appellant's belongings being held under the hotel lien. No illegal search or seizure took place. Appellant lost standing to challenge the search of her belongings once the hotel gained a lien on the property. Appellant's fifth and seventh grounds of error are overruled.

Appellant's sixth ground of error alleges prosecutorial misconduct. Appellant contends the prosecutor improperly suppressed evidence that her Hyatt Regency bill had been paid. Even though appellant eventually paid the Hyatt bill, the evidence that she was delinquent in payment is probative of her intent to deceive. Appellant's counsel had the same access to the evidence as the prosecutor. It was the defense's burden to rebut evidence of intent if possible to do so. The record does not reveal that the prosecutor withheld or concealed evidence from the defense. Appellant's sixth error is overruled. The judgment is affirmed.