**The STATE of Texas, Appellant,**

v.

**Gregory Brian PORTER, Appellee.**

No. 03–96–00005–CR.

Court of Appeals of Texas, Austin.

Feb. 27, 1997.

---

Sam Oatman, District Attorney, William F. Lewis, Jr., Assistant District Attorney, Llano, for appellant.

F.N. Trey Brown, III, Burnet, for appellee.

Before POWERS, ABOUSSIE and JONES, JJ.

ABOUSSIE, Justice.

The State of Texas appeals from an order by the trial court granting a motion to suppress evidence of narcotics obtained during a warrantless search of personal belongings. In its sole point of error, the State contends the trial court abused its discretion by granting the motion to suppress. We will affirm the order of the trial court.

## BACKGROUND

Appellee, Gregory Porter, leased a motel room at the Save Inn Motel in Johnson City for the period from March 4, 1995 until checkout time at 11:00 a.m. on March 10. Porter paid for his stay in advance by credit card. On the night of March 9, Porter was involved in an automobile accident which necessitated his hospitalization and resulted in the death of another person. Police suspected that Porter was under the influence of narcotics when the accident occurred and placed him in custody at the hospital.

At approximately 9:20 a.m. on March 10, Johnson City police told Mr. Wheeler, the manager of the motel, to prevent any entry into Porter's room. By 9:30 a.m., Chief Young of the Johnson City Police Department was stationed in the motel parking lot to secure Porter's room. When Wheeler asked officers what to do with Porter's belongings, Sergeant Nichols told him the police would inventory the room and take Porter's belongings to him. Wheeler never offered to take control of Porter's belongings.

Around 2:00 p.m., three hours after the time for checkout had passed, Wheeler led several police officers and a drug-sniffing dog to Porter's room and opened the door for them. Without a warrant, officers performed a visual inspection of the room. After finding what appeared to be marihuana in an open shaving kit, officers opened the remaining three pieces of Porter's luggage and found a small balloon containing what appeared to be heroin. Porter filed a motion to suppress the evidence of the heroin and the marihuana. The trial court granted the motion to suppress the heroin based upon the failure of police to obtain a proper search warrant before searching the bags.[1] The State appeals.

## DISCUSSION

The single issue on appeal concerns the search of Porter's closed luggage. The trial court found the State's warrantless search violated Porter's right to privacy under the Fourth and Fourteenth Amendments to the United States Constitution. In reviewing the trial court's order, we must affirm unless there is no reasonable view of the evidence which could support the conclusion of the trial court. *See DuBose v. State,* 915 S.W.2d 493, 497 (Tex.Crim.App.1996).

---

1. The trial court denied Porter's motion to suppress the evidence of marihuana; however, he does not appeal that ruling.

■ The Fourth Amendment prohibits a search of closed containers without a warrant where no clear exigency exists. *United States v. Chadwick*, 433 U.S. 1, 15, 97 S.Ct. 2476, 2485–86, 53 L.Ed.2d 538 (1977). In this case, even though the discovery of marihuana in Porter's room may have yielded probable cause, that alone was not sufficient to justify the search of Porter's luggage without a search warrant or exigent circumstances. *See id.* With Porter in police custody at the hospital and his belongings secure, there was no emergency and no reason the police could not delay the search until a warrant was obtained.[2]

Searches conducted without the benefit of judicial scrutiny through the issuance of a warrant are per se unreasonable; however, specific exceptions to the warrant requirement have been recognized. *E.g., Katz v. United States*, 389 U.S. 347, 357, 88 S.Ct. 507, 514, 19 L.Ed.2d 576 (1967). Among these exceptions are: consent to search, *Voelkel v. State*, 717 S.W.2d 314, 315–316 (Tex.Crim.App.1986); abandonment of belongings, *Hawkins v. State*, 758 S.W.2d 255, 257 (Tex.Crim.App.1988); and searches incident to arrest. *Rogers v. State*, 774 S.W.2d 247, 264 (Tex.Crim.App.1989).

■ The State argues that the search was legal because Wheeler consented to the officers' search of Porter's room and bags. A motel guest's reasonable expectation of privacy within a motel room runs concurrently with the lease of that room. *Moberg v. State*, 810 S.W.2d 190, 196 (Tex.Crim.App.1991). The expiration of Porter's lease, therefore, ended his reasonable expectation of privacy in the motel room and gave Wheeler the right to enter the room. *See id.* No one disputes that Wheeler could give consent to the officers to search the room at that time. *See id.* The trial court did not suppress any evidence obtained from the search of the room, and Porter does not challenge that ruling. However, the manager's consent to search Porter's room does not necessarily extend to the search of his sealed belongings. This is true especially because Porter was in custody and could not have interfered with the belongings while officers procured and executed a search warrant. *See Araj v. State*, 592 S.W.2d 603, 604 (Tex.Crim.App. 1979). Wheeler's ability to consent to the search of Porter's bags hinges upon his right to possession and control of those bags. *See Riordan v. State*, 905 S.W.2d 765, 770 (Tex. App.—Austin 1995, no pet.). This right can be conferred either by statute due to an existing property right in Porter's bags, *see* Tex.Rev.Civ. Stat. Ann. art. 4594 (West 1976); *Bass v. State*, 713 S.W.2d 782 (Tex. App.—Houston [14th Dist.] 1986, no pet.), or by virtue of Porter's abandonment of them in the room. *Comer v. State*, 754 S.W.2d 656, 659 (Tex.Crim.App.1986).

The State relies upon *Bass* for the proposition that Wheeler could properly consent to the search of Porter's bags. *See Bass*, 713 S.W.2d at 782. In *Bass*, appellant was evicted from her hotel room and her bags were confiscated because she refused to pay her bill of approximately $7500. *Id.* at 784. After storing the bags for almost a year, the hotel filed charges against Bass for theft of services and the hotel manager gave permission to the prosecutor to search through her bags. *Id.* at 786. The appellate court held that Bass did not have standing to challenge the search of her bags because the bags were in the possession of the hotel manager pursuant to a hotel lien. *Id.* at 789; *see also* Tex.Rev.Civ. Stat. Ann. art. 4594.[3] The present case is distinguishable from *Bass* because Porter paid in advance for his room. With no risk of loss of payment, Wheeler had no property interest in the bags, and consequently, no hotel lien. Furthermore, Wheeler never took actual possession and control of Porter's bags, nor did he express any intent to do so. Wheeler wanted only to remove the bags in order to re-let the room. With neither a property interest in the bags nor

---

2. At oral argument, counsel for the State admitted there was no reason the officers could not have obtained a search warrant. The evidence indicates the officers took some steps toward obtaining a warrant, but proceeded to search without one.

3. We note that the Attorney General has interpreted the statute providing for a hotel lien to be unconstitutional as violative of a guest's right to due process. Op. Tex. Att'y. Gen. No. JM–510 (1986).

the requisite intent to possess them, Wheeler could not give consent to open the bags.

■ At oral argument, the State asserted that Porter abandoned his bags and therefore had no right to privacy concerning·them. Even assuming the State has properly presented the issue of Porter's abandonment on appeal,[4] abandonment consists of two components: (1) Porter must have intended to abandon his bags, and (2) his decision to abandon the property must have been voluntary and free from any police misconduct. *See Comer,* 754 S.W.2d at 659. Moreover, abandonment should not be presumed. *United States v. Cowan,* 396 F.2d 83, 87 (2nd Cir.1968). The State must affirmatively prove by either direct evidence or a reasonable inference that Porter possessed requisite voluntary intent to abandon the property. *See id.* Porter was in police custody in a hospital and physically unable to take possession of his bags. Without proof of a voluntary intent to abandon his bags, Porter's right to privacy in his belongings remained intact, subject only to a valid search warrant.

The State relies on one case which seemingly supports a warrantless search by police of a motel guest's closed garment bag once the term for the room's rental has expired. *See Voelkel v. State,* 717 S.W.2d 314. In *Voelkel,* the motel manager summoned the police to help him evict a guest who failed to leave when the rental period expired. *Id.* at 315. The manager entered the room with police and found Voelkel and a companion in the room. *Id.* Drug paraphernalia was in open view in the room, and Voelkel made an immediate effort to reach toward items on the chest of drawers. *Id.* The police discovered marihuana and a gun on Voelkel's companion. *Id.* The court determined that these facts gave the police probable cause to search the room including a plastic bag on the bed. *Id.* at 316. The court might also have allowed the search of the bags without a warrant incident to the arrest itself. *See Rogers,* 774 S.W.2d at 264. In any event, the facts in *Voelkel* are distinguishable from those at hand. Porter was nowhere near the motel

room when the officers entered the room, and there was no fear that he would destroy evidence or harm the officers.

Wheeler did not have the ability to consent to the search of Porter's bags because he had neither a property interest in them nor actual possession. Because a reasonable view of the evidence supports the trial court's order, we overrule the State's point of error.

## CONCLUSION

Having overruled the State's point of error, we affirm the order of the trial court.

---

**4.** The issue of Porter's alleged abandonment of his luggage at the motel was not briefed by the State; therefore, this Court is under no obligation to consider the argument. Tex.R.App. P. 74(f).