IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-05-00242-CR

 

Kenneth Holden,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 

 



From the 52nd District Court

Coryell County, Texas

Trial Court No. FDP-02-16614

 



Opinion



 








          This case involves possession of a
controlled substance.  In two points, Appellant contends that the trial court
erred by failing to suppress: (1) evidence seized without a search warrant; and
(2) contents of a box discovered after the initial search.  We affirm. 

BACKGROUND

Responding to a domestic disturbance call,
Officer Mario Cantu, Jr. observed Kenneth Holden and Kandy Greenwood arguing. 
Cantu separated the parties and first spoke with Holden who said that a verbal
disagreement, and no physical violence, had taken place.  As evidenced by two
packing containers located on the front porch, Holden wanted to continue
collecting his belongings and leave.  However, Holden agreed to remain until
Cantu spoke with Greenwood.  No one objected when Cantu entered the home or
requested that he vacate the premises.

Inside the home, Greenwood too acknowledged that
only a verbal, not physical, disagreement had occurred.  During this
conversation, Cantu visually scanned the home for potential weapons and signs
of violence.  He noticed a white cloth bag beside the front door.  When Greenwood denied owning the bag, Cantu inspected it, felt potential drug paraphernalia and
opened the bag, which held two syringes containing brown liquid and a spoon
encrusted with a white substance.  Greenwood denied ownership of these items. 
Cantu returned the bag to its original place, but heard someone briefly open
the door behind him to retrieve the bag.  

Cantu then went outside to question Holden. 
Upon Cantu’s request, Holden retrieved the bag from his truck, but appeared surprised
by the bag’s contents and denied ownership.  Holden agreed to a visual
inspection of his arms, which revealed a scar on his right arm possibly caused
by drug usage.  Holden initially denied that Greenwood used drugs, but then stated
she recently tested positive for drugs.  Holden advised Cantu to check a box in
the bedroom but refused to disclose its contents.  He then vacated the
premises.

Inside, Greenwood again denied ownership of the
bag and reluctantly agreed to a search of the home.  A search of the box in the
bedroom revealed drug paraphernalia and narcotics.  Greenwood denied knowledge
of these items.  Cantu seized the box, the bag, and their contents but did not
arrest either Holden or Greenwood.  

Holden filed a motion to suppress the items from
the bag and box.  At the hearing, Cantu testified that, in domestic disturbance
cases, he customarily looks for weapons, signs of violence, and objects out of
the ordinary.  He further testified that the bag looked “out of the ordinary.” 
A videotape from the night of the disturbance reflected that both Holden and Greenwood denied ownership of the bag.

          The court denied Holden’s motion to
suppress.  Holden pleaded guilty and the court signed an order deferring
adjudication for five years.  Holden now appeals, arguing that his motion to
suppress should have been granted.

POINTS PRESENTED

          In two points, Holden contends that:
(1) the bag and its contents were improperly seized without a warrant; and (2)
the box and its contents constitute fruit of the poisonous tree.  The State
responds that Holden lacks standing to even lodge these arguments.  Therefore,
we first address whether Holden possesses standing to complain.  

STANDARD OF REVIEW

We apply a bifurcated standard of review to the denial
of a motion to suppress.  See Haas v. State, 172 S.W.3d 42, 49
(Tex. App.—Waco 2005, pet ref’d).  First, we review the denial for abuse of
discretion.  See Oles v.
State, 993
S.W.2d 103, 106 (Tex. Crim. App. 1999).  Second, we conduct a de
novo review of the law as applied to the facts.  See Haas, 172 S.W.3d at 49; see also Carmouche
v. State, 10
S.W.3d 323, 327 (Tex. Crim. App. 2000);  Oles, 993 S.W.2d at 106. 
The court's findings receive “almost total deference” and absent specific
findings, we review the evidence in the “light most favorable” to the ruling.  See
Haas, 172 S.W.3d at 49; Carmouche, 10 S.W.3d at 327-328.  The
ruling will be affirmed if “reasonably supported by the record” and correct on any applicable
legal theory.  Romero v. State, 800 S.W.2d 539, 543 (Tex. Crim. App.
1990); Cisneros v. State, 165 S.W.3d 853, 856 (Tex. App.—Texarkana 2005, no pet).
  

Standing

A party may challenge a search and seizure where
he proves “an actual subjective expectation of privacy” that “society is
prepared to recognize as objectively reasonable.”  Dominguez v. State,
125 S.W.3d 755, 762 (Tex. App.—Houston [1st Dist.] 2003, pet ref’d); see Villarreal
v. State, 935 S.W.2d 134, 138 (Tex. Crim. App. 1996).  Because a party
lacks a reasonable expectation of privacy in voluntarily abandoned property, he
cannot contest a search of such property.  See Swearingen v. State,
101 S.W.3d 89, 101 (Tex. Crim. App. 2003).  Abandonment may be inferred from “words,
acts, or other facts” and occurs where: (1) defendant intended to abandon the
property, and (2) his decision to abandon the property was not due to police
misconduct.  Id; Dominguez, 125 S.W.3d at 762.  The proper
inquiry is whether the defendant “voluntarily discarded, left behind, or
otherwise relinquished his interest in the property” such that he no longer
possesses a “reasonable expectation of privacy” in the property at the “time of
the search.”  McDuff v. State, 939 S.W.2d 607, 616 (Tex. Crim. App.
1997).

Unlike this case, typical abandonment cases involve
pre-search denial of ownership.  We note that the Beaumont Court found
an owner’s denial of ownership asserted after a search insufficient to negate
standing.  See Franklin v. State, 913 S.W.2d 234, 240-241 (Tex. App.—Beaumont 1995, pet ref’d).  However, Franklin is distinguishable because it
involved a third-party who was a stranger to the owner, who denied ownership and
who lacked authority to consent to the search.  See id at 237.  

Here, we have a third-party
homeowner/co-occupant who abandoned the property before the search.  As a
homeowner, Greenwood possessed authority to consent to a warrantless search.  See
Hannon v. State, 475 S.W.2d 800, 804 (Tex. Crim. App. 1972).  Even if a
co-occupant with common authority, Greenwood may consent to a warrantless
search, unless Holden was physically present and refused consent.  See Georgia v. Randolph, 126 S. Ct. 1515, 1526, 164 L. Ed. 2d 208, 226 (2006).  By the same token,
if Greenwood’s consent binds Holden, so would her abandonment. 
In fact, in Frazier v. Cupp, the United States Supreme Court found no valid
search and seizure claim because petitioner allowed “Rawls to use the bag and in leaving it
in his house, must be taken to have assumed the risk that Rawls would allow
someone else to look inside.”  394 U.S. 731, 740, 89 S. Ct. 1420, 1425, 22
L. Ed. 2d 684, 694 (1969); see also Moreno v. State, 987 S.W.2d 195, 204 (Tex. App.—Corpus Christi 1999,
pet ref’d).  The same concept applies here.

First, having left the bag inside Greenwood’s home and walked away, Holden relinquished possession of the bag, assuming the
risk that Greenwood might, even inadvertently, either allow or cause someone to
view its contents.  See id.  Cantu first
observed the bag lying beside the front door in Greenwood’s home.  Moreover,
the bag lay in an open area of the home.  When Greenwood denied ownership of
the bag, Holden, who lodged no objections to Cantu’s entry into the home, was
not physically present.  See Randolph, 126 S. Ct. at 1527, 164 L.
Ed. 2d at 226.  At that moment, Cantu could reasonably conclude that because
the homeowner denied ownership, he possessed authority to search the now disclaimed
and abandoned property.  Because Greenwood’s abandonment essentially granted
Cantu the authority to search the bag, just as if he had received her consent, he
simply was not required to first “take affirmative steps to find a potentially objecting co-tenant.” 
 Id. at 1527.

Second, Holden’s conduct reflects an intent
to abandon.  See McDuff, 939 S.W.2d at 616.  Before Cantu’s arrival,
Holden placed two packing containers outside, but left the bag inside.  While Holden
wanted to pack his possessions and leave the premises, he agreed to stay upon
Cantu’s request.  Because Holden never indicated that any possessions remained
inside the home, the trial court could have reasonably concluded that he would neither
ask nor want to vacate the premises if he did not intend to leave any remaining
possessions behind.  See Romero, 800 S.W.2d at 543; see also
Cisneros, 165 S.W.3d at 856.  Even Holden’s denial of ownership after
the search confirms that he intended to disclaim his interest in the bag by
voluntarily leaving it inside Greenwood’s home.  These facts support the “reasonable
inference” that Holden intended to abandon the bag and did so voluntarily.  State v. Porter, 940 S.W.2d 391, 394 (Tex.
App.—Austin 1997, no writ); see
also Swearingen, 101
S.W.3d at 101; Dominguez, 125 S.W.3d at 762. 

Therefore, the trial court could have reasonably
concluded that Holden abandoned the bag, which resulted in Holden’s loss of a
reasonable expectation of privacy in the bag at the time of the search.  We hold
that Holden lacks standing to contest the initial search of the bag and the
subsequent search of the box.  We overrule Holden’s first and second points and
affirm the judgment.    

  

FELIPE REYNA

Justice

 




Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

(Chief
Justice Gray concurs in the judgment without a separate opinion)

(Justice Vance dissents with a note)*

Affirmed

Opinion delivered and
filed August 30, 2006

Publish

[CR25]

 

*(Note
by Justice Vance:  “I dissent.  The evidence establishes Holden had not abandoned
the bag.  Holden told Officer Cantu he had been living at the residence and he
was in the process of packing his things and leaving.  Two large containers
(which Cantu assumed were Holden’s) were on the front porch, and the gift bag
and the cloth bag (a medium-sized cloth bag with a drawstring) were both
inside, next to the front door.  Cantu told Holden he could continue to pack
but not to leave until Cantu had talked to Greenwood.  When Greenwood told
Cantu that the cloth bag was not hers, the only reasonable assumption remaining
was that it belonged to Holden.  When Cantu felt and searched the cloth bag,
nothing had transpired to lead Cantu to conclude it had been abandoned; Holden
had not left the premises, nor had he told the officer he had removed all of
his possessions from the residence.  The inference that Holden had abandoned or
intended to abandon the cloth bag is unreasonable—it is unsupported by the
evidence and is illogical.  And Holden’s post-search denial of ownership of the
cloth bag cannot substantiate abandonment and validate the prior illegal
search.  See Franklin v. State, 913 S.W.2d 234, 240-41 (Tex. App.—Beaumont 1995, pet. ref’d).  I would instead hold that Holden had standing to
contest the search of the cloth bag, that the warrantless search does not meet
any exception to the warrant requirement, that the result of the subsequent
search was the “fruit of the poisonous tree,” and that the trial court abused
its discretion in denying the motion to suppress.”)

 

 

 






88889in; text-indent: -0.9in; margin-left: 0.9in; margin-right: -0.0625in">            A.  Yes.
      By this Appellant seems to assert that this indicates that he did not know what the motion to
revoke was. The written plea of true merely indicates that Appellant was pleading true to the
allegation that he did not report on September 26, 1996——it did not specifically mention
“Condition D.” Therefore, the logical conclusion is that Appellant was asking what “Condition
D” referred to in defense counsel’s question.
      The record clearly reflects that Appellant understood the proceedings and entered his pleas
knowingly and voluntarily. Appellant’s third point of error is overruled.
      Judgment of the trial court is affirmed.
 
                                                                               JOHN A. JAMES, JR.
                                                                               Justice (Retired)
 
Before Chief Justice Davis,
      Justice Vance and
      Justice James (Retired)
Affirmed
Opinion delivered and filed September 17, 1997
Do not publish